# CHARLESTON

### STATE *v.* HAMMONS.

Submitted February 6, 1906.     Decided April 17, 1906.

1. INTOXICATING LIQUORS—*Gift to Minor—Evidence.*

> H. placed a bottle of whiskey on a table and told F., the father of E., a minor under the age of twenty-one years, to take what he wanted of it; and if he allowed the boy E. to have any of the liquor, that he was welcome to it; the father said he could have it, and the boy took up the liquor and drank of it in the presence of his father. *Held:* No offense under section 16, chapter 32, Code of 1899. (p. 475, 476.)

Error to Circuit Court, Webster County.

Samp Hammons was convicted of giving liquor to minors, and brings error.

*Reversed.*

E. H. MORTON and W. S. WYSONG, for plaintiff in error.

C. W. MAY, Attorney General, for the State.

BRANNON, JUDGE :

An indictment against Samp Hammons for giving whiskey to a minor was tried by the circuit court of Webster county, upon agreed facts, and a fine was imposed on Hammons. The agreement of facts states "that on the ⸺ day of February, 1904, defendant placed a bottle of whiskey on a table in Webster county, and told Charley Farley, the father of Earley Farley, a miner under the age of twenty-one years to take what he wanted of it, and if he allowed the boy Earley, the minor aforesaid to have any of the liquor that he was *welcome* to it, and that the father said he could have it and the boy took up the liquor and drank of it, in the presence of the father of the minor." Is the defendant guilty on these facts under Code, chapter 32, section 16, providing that "if any person (except a parent to his child or a guardian to his ward) whether he have a state license or not, give to any minor," etc? I inclined to favor affirmance of the judgment; but as the question is close, and other members of the Court are decided in opinion, I shall not attempt to vindicate my doubts. Whose gift was it of the liquor to the minor, Hammons' gift, or that of the boy's father? The state argues that the de-

fendant suggested the gift, that it was his liquor, not the father's, and that the father only consented, did not give. But the statute does not intend to punish where the father is present and *consents.* The defendant only furnished the liquor, virtually gave it to the father to give to the son. It was the father's gift, because he was present and consenting. But for the exception, the father would be guilty. If it were an offense in him, both would be guilty, whether we regard it as the gift of the one or the other; but as it is no offense in the father, and he being the giver, Hammons is not guilty as aider in an offence or as perpetrator. What Hammons did was with the consent of the father then present. We do not say that it would not be otherwise if the father had been absent, though consenting, as if he give an order to a saloon keeper to give or sell to his son for the son's use. That is not involved.

*Reversed.*