THE PEOPLE OF THE STATE OF NEW YORK, Respondent *v.* THOMAS GALITSIS, Appellant.

First Department, May 7, 1943.

*Charles J. Campbell* of counsel (*Campbell & Boland,* attorneys), for appellant.

*Bernard L. Alderman* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

CALLAHAN, J. Subdivision 1 of section 100 of the Alcoholic Beverage Control Law forbids the sale of intoxicating liquor by any person without an appropriate license.

Section 64 of the same statute provides for the issuance of a license to sell liquor at retail for consumption on the premises.

Section 106, subdivision 4, of the statute provides that no liquors and/or wines shall be sold or served in such licensed premises except at tables where food may be served, and except as provided by subdivision 4 of section 100.

Subdivision 4 of section 100 provides that alcoholic beverages may be sold to be consumed on licensed premises at a bar

or similar contrivance. Only one such bar is permitted in any licensed premises, except that in certain resort hotels one additional bar may be permitted upon the payment of a second license fee.

In the present case, the complaint charged a sale of liquor without a license, but the facts proved on the trial indicate that the sale complained of took place in licensed premises (a hotel other than a resort hotel) at a so-called " stand-up bar " located on one of the upper floors of the hotel, whereas the only stand-up bar authorized under the license issued to the hotel was on some other floor.

Despite the allegations of the complaint, the parties treated the charge as one for a violation of subdivision 4 of section 100, and no contention was made on the trial or is made on this appeal, that a sale, under the present circumstances, was improperly charged as a sale without a license. Accordingly, we do not pass on that question nor consider the question of error due to the variance between pleading and proof.

After finding the defendant guilty, the trial court suspended sentence. Before doing so, the court indicated that it found that subdivision 3 of section 130 of the Alcoholic Beverage Control Law, rather than subdivision 1 thereof, controlled the sentence to be imposed.

If the conviction is for a sale without a license, subdivision 1 of section 130 requires a minimum sentence of thirty days' imprisonment or a fine of $200. This, of course, would not prevent a suspension of sentence.

Subdivision 3 of section 130 applies to violations of the statute other than by sales without a license. It carries no requirement for a minimum sentence. It appears, therefore, that the trial court, in determining its power to sentence, considered the case one of selling in violation of the existing license, rather than one of selling without a license.

The only ground urged for reversal on this appeal is that the licensee rather than the agent making the sale is the one who must be charged with a violation of subdivision 4 of section 100.

Subdivision 28 of section 3 of the Alcoholic Beverage Control Law defines a sale as a transfer of any intoxicating beverage for a consideration, made by any person, whether the principal, proprietor, agent, servant or employee.

Of course, as to a sale without a license in violation of subdivision 1 of section 100, the person actually making the sale would be liable.

The essence of the present charge was a sale, and not the improper maintenance of the premises or the commission or failure to perform any act concerning which the statute imposed liability solely upon the licensee.

We deem therefore that the agent was properly found guilty of the violation involved herein.

The judgment of conviction should be affirmed.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously affirmed.