Domenick L. Gabrielli, J.
This is an appeal taken by the defendant upon a plea of guilty to an information charging him with a violation of section 65 of the Alcoholic Beverage Control *54 Law of the State of New York, had on the 18th day of June, 1958.
The information charges the defendant as follows: “by wrongfully, unlawfully, willfully and knowingly did give alcoholic beverages (beer and wine) to a minor under the age of 18 years. To wit: The defendant did give alcoholic beverages (wine and beer) to one Milton Paul Dye a minor not being the age of 18 years in violation of the above section of the law ”.
It is undisputed that any alleged offense charged in the information took place in the defendant’s residence. It is further undisputed that the defendant was not a licensee under the provisions of the Alcoholic Beverage Control Law, and there is no claim nor charge that the defendant sold any beverages to anyone. The claim is merely that he gave alcoholic beverages to a minor.
The defendant claims that the information should be dismissed and that the conviction was contrary to law.
Article V of the Alcoholic Beverage Control Law relates to licensees and was not intended to nor does it have any effect on persons other than licensees.
Under article V of the Alcoholic Beverage Control Law, there are eight sections, namely, sections 60 through 67. Section 60 is entitled “ Kinds of licenses ”. Section 61 is entitled, “Distiller’s licenses”. Section 62 is entitled, “ Wholesaler’s liquor license ”. Section 63 is entitled, “ License to sell liquor at retail for consumption off the premises”. Section 64 is entitled, ‘ ‘ License to sell liquor at retail for consumption on the premises ”. Section 65, which is the subject of this appeal and the section involved in the alleged offense is entitled, “ Prohibited sales”. Section 66 is entitled, “License fees” and section 67 is entitled, “ License fees, when due and payable, fee for part of year ”.
A reading of the foregoing article and related sections readily reveals that any offense contemplated under section 65 entitled, ‘ ‘ Prohibited sales ’ ’, has reference only to actions on the part of licensees and not individuals in their own homes and certainly does not embrace any of the facts set forth in the information herein.
Without reviewing any of the alleged actions on the part of the defendant which, to say the least were not laudatory, the determination made by this court should not be taken as an approval of his acts. This court is entirely conscious of the effect of the actions of the defendant and the probable consequences thereof, but no construction of any penal statute should be stretched to fit any set of facts. There are other penal *55 statutes and other provisions of law to take care of any alleged offense herein.
The appeal of the defendant herein is hereby allowed, the information is dismissed, the sentence vacated and the fine remitted. Submit order.