PATRICIA PELKEY, an Infant, by EDWARD PELKEY, Her Guardian ad Litem, et al., Respondents, v. RAYMOND D. BRENNAN, Doing Business as BRENNAN'S ROLLER RINK, Appellant.

Third Department, January 17, 1961.

*McPhillips, Fitzgerald & McCarthy* (*Franklin M. Peabody* and *Gerald P. McPhillips* of counsel), for appellant.

*George E. Toomey* and *Francis W. McGinley* for respondents.

GIBSON, J.   The infant plaintiff and her father have recovered damages on account of personal injuries sustained as the result of the infant's fall while skating on defendant's roller skating rink, which occurred, according to her version, when she was brushed or struck by an unidentified skater.   Contrary to the statute hereinafter discussed, the infant plaintiff, then 13 years old, was permitted to enter and remain at the rink after 7:00 P.M., accompanied only by another girl of the same age.

216

In our view, plaintiffs failed to establish any common-law negligence on the part of the defendant and recovery can be sustained, if at all, only upon the theory that the accidental injuries may be legally attributed to defendant's conceded violation of subdivision 1 of section 484 and section 484-a of the Penal Law. Plaintiffs assert that they did indeed establish such causation, contending, first, that the violation constituted negligence per se and, second, that they were not required to prove (in the language of their brief) " the same degree of proximate causal connection as in cases arising purely in the field of negligence ". As respects the first factor, that of negligence per se, the rule has been stated thus: " The duty imposed by statute is absolute and proof of disregard of a duty created by statute for the protection of a special class establishes, it has been said, negligence as a matter of law. The usual standard of care is superseded by the standard enacted by the Legislature." (Schmidt v. Merchants Desp. Trans. Co., 270 N. Y. 287, 304.) The less demanding rule which plaintiffs invoke as to causal relation is that of Daggett v. Keshner (284 App. Div. 733, 742, 6 A D 2d 503, affd. 7 N Y 2d 981). It need scarcely be added that the damage sought upon violation of a statute enacted for the protection of a special class must be to the particular interest protected, so that if, in this case, the statute was designed to safeguard children's morals and not for their protection against accidental bodily injury, the rules contended for do not apply.

In our view, physical injury is not within the contemplation of the statute and plaintiffs had the burden of proving negligence and proximate cause as in the ordinary negligence case. Section 484, in substance and so far as here pertinent, makes it a misdemeanor to permit the presence of a child, under 16 years and unaccompanied by a parent or authorized adult, at any of the types of public places there enumerated, " skating rink " being one of them. Section 484-a, applicable to skating rinks only, permits some exceptions under certain conditions. In a number of instances the language of the sections seems clearly to indicate their primary purpose to be the protection of children's morals and good habits and conduct. Secondarily, the statute inhibits late hours prejudicial to school work. When these references are eliminated there remains no indication that accidental injuries are contemplated. Thus, in subdivision 1 of section 484, the nature of the establishments listed is noteworthy — " dancehouse, public pool or billiard room ", for example; places where alcoholic beverages are sold; and " any place of entertainment injurious to health or morals ". This, the

only reference to "health", is limited to "place of entertainment", but, in any event, "health" is not, in this context, to be equated to protection or freedom from accidental injury. That "morals" are the concern of the statute seems to be emphasized by the express exemption of certain forms of entertainment when sponsored by a "school or church or educational or religious institution, not operated for profit". Turning to section 484-a, which deals exclusively with skating rinks, the provision for "a qualified matron" as the only attendant required seems to bear no relation to the prevention of skating accidents to children of both sexes. As in section 484, there appear inhibitory references to places where alcoholic beverages are sold or pool or billiard tables used or bowling alleys maintained. It is argued that the provision permitting the presence of unaccompanied children until 6:00 P.M. suggests an intent to promote physical safety, on the theory that accidents are more likely when adult skaters congregate after that hour, but we find a different inference upon consideration of the provision limiting this permission to times when school classes are not in session, when such provision is read with that permitting children between 14 and 16 years to remain until 9:00 P.M. on nights when there are school sessions next day and until 10:00 P.M. on other nights. Finally, it seems unlikely, if it be deemed that the children's physical safety was the concern of the Legislature, that but one form of strenuous physical activity in places of public assembly should be singled out from all those — many of them more dangerous — which come readily to mind, and be thereupon dealt with by means of a statute which as to all other activities covered affords protection against risks and exposures other than physical.

Respondents rely largely on *Daggett* v. *Keshner* (284 App. Div. 733, 6 A D 2d 503, affd. 7 N Y 2d 981, *supra*) but in applying to that case the test of "a recognizably practical or reasonable connection between the violation of the statute and the accident which occurred" (284 App. Div. 733, 742), rather than the common-law requirement of proximate cause, the Appellate Division emphasized the express provision of the statute creating civil liability upon its violation (pp. 738, 742).

The trial court did not adopt plaintiff's theory of law as to negligence per se and causal connection but submitted to the jury the issue of common-law negligence, which, as we have found, was not established, and, in addition, charged that plaintiffs should recover if the jury found a violation of the statute to be the proximate cause of the accident and injuries. Neither the statute nor the evidence supports recovery under that

portion of the charge. Proximate cause may not be found, of course, in the circumstance that had defendant obeyed the statute by excluding the child, she would not have been present and would not have been injured. (*Platz* v. *City of Cohoes,* 89 N. Y. 219, 223; *Brown* v. *Shyne,* 242 N. Y. 176; *Phass* v. *MacClenathen,* 274 App. Div. 535.)

We do not find merit in appellant's objection to the exclusion of certain exhibits since plaintiffs did not make proof of the allegations of the complaint in respect of which the proffered exhibits might otherwise have become pertinent.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.