Morris Garber, J.
This is a motion to dismiss the information herein, upon the ground that subdivision 3 of section 484 of the Penal Law does not apply herein. In substance, the information alleges that on the 16th day of August, 1964, the defendant gave or procured to be given to two named girls, aged 14 and 15 years, beer and vodka, alcoholic beverages as defined by the Alcoholic Beverage Control Law, at 300 Gifford Street, in the City of Syracuse, New York, in violation of subdivision 3 of section 484 of the Penal Law.
It is conceded by both parties, as follows: that the defendant’s apartment is located at the said address, that it is his private home, but it is not the home of the said children; that their parents were not involved herein in any respect; and that there is no family relationship between the defendant and the said children.
*400 The defendant contends that section 484 of the Penal Law applies only to “ Resorts ” and that it does not apply to private homes. This contention is based upon the title of section 484, which reads, as follows: “ Permitting children to attend certain resorts.” This contention is untenable.
The legislative history of the said title of section 484 is not clear. Section 484 of the Penal Law was formerly section 290 of the Penal Code as enacted by chapter 676 of the Laws of 1881. In the left-hand margin of section 290, as reported in the Sessions Laws of 1881, there appear, in type much smaller than the section, the words: “ Keepers of concert saloons, &c.” It cannot be determined therefrom whether the said words in the margin were enacted by the Legislature or constituted an editorial addition. Section 290 was amended by chapter 170 of the Laws of 1889 and subdivision 3 was thereby added. In the right-hand margin of the latter amendment, as printed in the Sessions Laws of 1889, there appear the words: “ Acts of cruelty to children.” The following illustrates the confusion present herein. In Silvernail’s Penal Codes for each of the years 1901, 1902 and 1904, section 290 is entitled: “Acts of cruelty to children.” In Bust’s Penal Codes for each of the years 1904, 1905 and 1907, section 290 is entitled, “Permitting children to attend certain resorts.” In Cook’s Penal Codes for each of the years 1906 and 1907, section 290 is entitled, ‘ ‘ Keepers of concert saloons, etc.” It should be observed that section 290 was not amended in this respect in any of the years 1901 and 1902 and 1904 through 1907, inclusive. The present Penal Law was adopted by chapter 88 of the Laws of 1909, but unfortunately the Session Laws of 1909 do not set forth the contents of the chapter. At page 12 of said Session Laws, it is stated that chapter 88 would be printed in the consolidated laws. In the Penal Law, chapter XL of Birdseye’s Consolidated Laws (1909), section 484 is entitled, “Permitting children to attend certain resorts.” No particular significance can be attributed to this uncertain and confused history of the title of ■section 484 of the Penal Law.
In any event, the provisions of subdivision -3 of section 484 must prevail over the title. The following quotation from Squadrito v. Griebsch (1 N Y 2d 471, 475) is apposite herein: “ Whatever the reason for the discrepancy, be it legislative oversight or scrivener’s error, there can be no doubt that the text of the statute must take precedence over its title. While a title or heading may help clarify or point the meaning of an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute, *401 itself. (See People v. O’Brien, 111 N. Y. 1, 59-60; Bell v. Mayor of City of New York, 105 N. Y. 139, 144; Matter of New York & Brooklyn Bridge, 72 N. Y. 527, 532; People v. Molyneux, 40 N. Y. 113, 119, 122; People v. McCann, 16 N. Y. 58; People v. O’Neil, 280 App. Div. 145, 146.) ‘ The character of a statute ’, we have written, ‘ is to be determined by its provisions, and not by its title.’ (People v. O’Brien, supra, 111 N. Y. 1, 59.) ”
Subdivision 3 of section 484 of the Penal Law is by its terms applicable herein. It expressly provides that a person who gives away or causes or permits or procures to be given away to any child actually or apparently under the age of 18 years any alcoholic beverage as defined by the Alcoholic Beverage Control Law is guilty of a misdemeanor. The reference to “resorts” in the title to the section may not be permitted to nullify the plain meaning of the section. The obvious purpose of section 484 is to protect children. (People v. Koenig, 9 App. Div. 436.) (See Alcoholic Beverage Control Law, § 65 and People v. Armstrong, 24 Misc 2d 53.) It should also be observed that section 484 contains similar prohibitions in subdivision 4 as to a pawnbroker and in subdivision 6 as to junk shops, neither of which categories can be reasonably included within the term “ resorts.” Subdivision 3 is not by its terms limited to commercial or any other type of establishment. Its prohibition is categorical and should not be limited by judicial construction. A statute must be construed and applied as it is written by the Legislature. (People v. Olah, 300 N. Y. 96, 102.)
The question has been raised on the argument of this motion as to whether a parent who gives alcoholic beverages to his children is guilty of a violation of this subdivision. The problem will have to be resolved when it arises in a proper ease. In the action at bar, the alleged incident did not occur in the parents’ home or in their presence.
The defendant also contends that there is a total lack of any precedent wherein subdivision 3 was applied to a private home. This subdivision was applied, without challenge, in People v. Domin (9 N Y 2d 975) and in the court of Special Sessions of the City of Syracuse in People v. Clark on July 19, 1960. In any event, the absence of a precedent does not preclude the proper application of the statute. Accordingly, the motion is denied.