■ RAYMOND I. SHAFFER, Individually and as Parent of TODD A. SHAFFER, an Infant, Respondent, v JACK AUMICK, an Infant by HOWARD AUMICK, His Parent, et al., Appellants, et al., Defendant.—Order unanimously reversed, without costs, and motion to dismiss first cause of action granted. Memorandum: Defendants Howard and Elsie Aumick appeal from so much of an order of Special Term as denied their motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss a cause of action against them based upon a violation of section 130 of the Labor Law. Defendant Jack Aumick is the 13-year-old son of defendants Howard and Elsie Aumick. He had been hired by defendant Burton to mow the lawn of premises owned by her and occupied by plaintiffs. It was while he was performing this task that the injury to the infant plaintiff occurred. Statutory liability may be imposed upon a person who hires an infant in violation of section 130 of the Labor Law if the infant is injured *(Vincent v Riggi & Sons,* 30 NY2d 406). It makes no difference whether the infant be viewed as an employee or an independent

contractor, or whether the employment is casual or intermittent, as long as the hiring is in connection with a trade or business (cf. *Ludwig v Lowe,* 29 AD2d 267, affd 25 NY2d 853). The wrong, however, is in the hiring and liability may not be imposed upon the parents of the employed infant because they permitted or acquiesced in the hiring of their son by another. Furthermore, the statute does not provide a basis for recovery by a plaintiff other than the employed infant, for the third person is not within the class of persons the statute was designed to protect (see *Koenig v Patrick Const. Corp.,* 298 NY 313; *Moyer v Lo Jim Cafe,* 19 AD2d 523, affd 14 NY2d 792; 1 NY PJI2d 150–155; Restatement, Torts 2d, § 286). (Appeal from order of Steuben Supreme Court—negligence.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.