OPINION OF THE COURT
Thomas F. McGowan, J.
Defendants Earl and Eleanor Newton and Ray Kaiser move for summary judgment dismissing the complaint. The facts construed most favorably to plaintiff are that on July 9, 1976, Dianne Schauger, then 14 years old, worked at a wedding reception held by the Newtons and Richard and Helen Lee at the U-Crest Volunteer Fire Department hall. Defendant Ray Kaiser tended bar at the reception. Dianne was served alcoholic beverages on that date by defendants or their agents and became visibly intoxicated. Despite this, she was permitted to continue drinking. As a result of her drinking, she became sick and died soon after from complications brought on by acute ethanol intoxication. At the time of her death, Dianne Schauger had just turned 15 years old.
Plaintiff claims, generally, that defendants Newton, as cohosts, were negligent in that they illegally permitted *345 Dianne Schauger to be served alcohol in spite of the fact that she was under 18 and that they continued to allow her to be served after they observed or should have observed that she was visibly intoxicated. Plaintiff also contends that defendant Kaiser was negligent in that he did in fact serve alcoholic beverages to Dianne and continued to serve her even after he observed or should have observed that she was intoxicated.
I.
There is no cause of action on behalf of plaintiff under either section 65 of the Alcoholic Beverage Control Law or section 11-101 of the General Obligations Law (commonly known as the Dram Shop Act). The act runs in favor of third parties injured by an intoxicated person and against a person who unlawfully sells or procures alcohol for such intoxicated person. No cause of action is created on behalf of the intoxicated person or his estate, although a spouse, child or parent may sue individually as parties injured by the death of the intoxicated person (3 Warren, Negligence, Intoxicated Persons, § 3.06, p 341). The Dram Shop Act does not apply, however, to drinking at social occasions (see Lauer v Slobbe, 65 AD2d 938; Edgar v Kajet, 84 Misc 2d 100, affd 55 AD2d 597; Schirmer v Yost, 60 AD2d 789). Hence, in the instant case, where drinks were served at such an occasion, plaintiff has no claim under the Dram Shop Act.
II.
The remaining issue is whether plaintiff has a cause of action based on negligence. Plaintiff argues that defendants had both a statutory and a common-law duty of care toward the infant decedent.
Section 260.20 of the Penal Law reads in pertinent part as follows: “A person is guilty of unlawfully dealing with a child when * * * 4. He gives or sells or causes to be given or sold any alcoholic beverage * * * to a child less than eighteen years old; except that this subdivision does not apply to the parent or guardian of such a child”.
This section differs in title, structure and language from its predecessor, subdivision 3 of former section 484 of the Penal Law which was held not to prohibit the giving of *346 liquor to minors except as to certain resorts and persons in certain types of business (see People v Martell, 16 NY2d 245). Nothing in the present statute, however, indicates that such a limited application is intended. The only express exception is for the parent or guardian of the child. The statute, like similar statutes in other jurisdictions, is intended to protect children from their own misconduct (see Restatement, Torts 2d, § 483; Vance v United States, 355 F Supp 756). It protects the physical health and well-being of children as well as their morals (see Penal Law, § 260.20, subds 2, 3, 5; but see Pelkey v Brennan, 12 AD2d 215).
Despite the statute and its purpose, however, New York courts have declined to implement it to hold even a seller liable for furnishing alcoholic beverages to a minor where the minor injured himself as a result of his own voluntary intoxication (see Santoro v Di Marco, 80 Misc 2d 296, revg 65 Misc 2d 817; Vadasy v Feigel's Tavern, 88 Misc 2d 614, affd 55 AD2d 1011; but see Wilkins v Weresiuk, 64 Misc 2d 736). The rationale for such a result is not so much one of causation (see Ann., 54 ALR2d 1152; Vance v United States, supra) but rather one of contributory negligence. As noted in Warren’s Negligence (vol 3, Intoxicated Persons, § 3.05, p 338): “as a general rule the voluntary intoxication of the person who was the recipient of the illegal sale will be found to be a relevant concurring cause of the injury constituting contributory negligence barring recovery.” For this reason, however, the present action based on a negligence theory is viable since the events in question took place after the effective date of the comparative negligence statute (CPLR 1411). Any negligence on the part of Dianne Schauger in consuming alcohol to fatal excess will diminish but not bar recovery.
In the instant case there are issues of fact as to whether Ray Kaiser served alcohol to Dianne Schauger and whether he was an agent of the Newtons, acting under their control and direction. If, in fact, liquor was served to Dianne, this would constitute breach of a statutory duty by the responsible adult or adults. Dianne’s subsequent intoxication, if caused by this breach of duty to her, is presumably one of the hazards the statute guards against. Such a *347 fact situation may give rise to civil liability (see Martin v Herzog, 228 NY 164; Dashinsky v Santjer, 32 AD2d 382). The Newtons agreed to supply the liquor and bartender and were cohosts of the party. There are issues of fact as to them not only with respect to the agency of Mr. Kaiser and their responsibility stemming from such alleged agency but also concerning their general duty, as cohosts, to supervise and control the conduct of guests in consuming alcoholic beverages at the reception (cf. Schirmer v Yost, 60 AD2d 789, supra).
Accordingly, defendants’ motion for summary judgment is denied.