WILLIAM L. STAMBACH, an Infant, by WILLIAM KENYON, His
Guardian ad Litem, et al., Respondents, v LEON PIERCE,
Individually and as Ontario County Deputy Sheriff, Appel-
lant, et al., Defendant.

Fourth Department, April 8, 1988

## APPEARANCES OF COUNSEL

*Bond & McDonald (William McDonald* of counsel), for
appellant.

*Stephen D. Aronson* for respondents.

## OPINION OF THE COURT

Pine, J.

Plaintiff William Stambach was 18 years old when he allegedly purchased beer from defendant Leon Pierce at the Cheshire Firemen's Carnival on the evening of July 4, 1985. At about 1:19 A.M. on July 5, 1985, Stambach was riding on his motorcycle when he was seriously injured in an accident, allegedly because he was under the influence of alcohol served to him at the carnival.

In his complaint Stambach alleged, *inter alia,* a cause of action for negligence against Pierce. Special Term denied defendant's motion pursuant to CPLR 3211 to dismiss that cause of action. ·

On · a motion to dismiss the issue is whether a cause of action has been stated, not whether it can be proved *(Amico v Erie County Legislature,* 64 Misc 2d 829, *revd on other grounds* 36 AD2d 415, *affd* 30 NY2d 729). All the factual allegations of the complaint must be assumed to be true, and the pleadings are deemed to allege whatever cause of action can be fairly implied *(219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509; *Dulberg v Mock,* 1 NY2d 54, 56).

The court stated that violation of Alcoholic Beverage Control Law § 65 (1) and Penal Law § 260.20 (4) could be considered as some evidence of negligence and distinguished *Vadasy v Feigel's Tavern* (88 Misc 2d 614, *affd on opn below* 55 AD2d 1011, *lv denied* 42 NY2d 805) on the ground that plaintiff's recovery at that time was barred by contributory negligence. The court relied on *Dynarski v U-Crest Fire Dist.* (112 Misc 2d 344), *Montgomery v Orr* (130 Misc 2d 807) and dicta in *Allen v County of Westchester* (109 AD2d 475, *appeal dismissed* 66 NY2d 915).

The issue before us is whether an intoxicated infant has a common-law negligence cause of action for his own injuries against a seller based on alleged violation of Penal Law § 260.20 (4) or Alcoholic Beverage Control Law § 65 (1).

Traditional tort analysis favors such a cause of action based on the violation of Penal Law § 260.20 (4), which in July 1985 provided:

"A person is guilty of unlawfully dealing with a child when * * *

"(4) He gives or sells or causes to be given or sold any alcoholic beverage, as defined by section three of the alcoholic

beverage control law, to a child less than nineteen years old; except that this subdivision does not apply to the parent or guardian of such a child".

While statutory violations do not necessarily give rise to tort actions, both civil and criminal statutes have been found to create a duty to a plaintiff when this is in accord with the legislative purpose served by the statute *(see,* Prosser and Keeton, Torts § 36, at 222 [5th ed]; *Koenig v Patrick Constr. Corp.,* 298 NY 313, 317). Children have been held to be within the class of persons sought to be protected, for instance, by Labor Law § 130 *(Vincent v Riggi & Sons,* 30 NY2d 406; *Shaffer v Aumick,* 53 AD2d 1027) and by the predecessor of Penal Law § 265.05 *(Henningsen v Markowitz,* 132 Misc 547).

We conclude that Penal Law § 260.20 (4) was intended to protect minors *(see, People v Arriaga,* 45 Misc 2d 399, 401) and creates a duty to them. The violation of that section establishes negligence *(see, Martin v Herzog,* 228 NY 164, 169-170; *see also, Orner v Mallick,* — Pa —, 527 A2d 521 [1987]; *Congini v Portersville Valve Co.,* 504 Pa 157, 470 A2d 515 [1983]). Thus, a negligence cause of action by an intoxicated minor who is injured may be grounded on a violation of Penal Law § 260.20 (4) *(Dynarski v U-Crest Fire Dist., supra).*

We reach a different conclusion, however, with respect to Alcoholic Beverage Control Law § 65 (1). It has long been established that violation of section 65 is not even evidence of negligence *(see, Moyer v Lo Jim Cafe,* 19 AD2d 523, *affd* 14 NY2d 792; *see,* 1 NY PJI2d 150-155).

Accordingly, the order should be affirmed.

DOERR, J. P., DENMAN, BALIO and DAVIS, JJ., concur

Order unanimously affirmed, without costs.