OPINION OF THE COURT
Memorandum.
Order affirmed.
Defendants were charged with unlawfully dealing with a child in the first degree (Penal Law § 260.20 [2]) and prohibited sales in violation of section 65 (1) of the Alcoholic Beverage Control Law. The charges were based on allegations that defendants did “cause to be given and permit the use of, various types of alcoholic beverages by persons less than twenty-one years old” during a New Year’s Eve party hosted by defendants’ daughter in the basement of their home. Prior to trial, defendants, by an omnibus motion, moved for dismissal of the superseding information. The court granted the motion to the extent of dismissing so much of the superseding information as charged a violation of section 65 (1) of the Alcoholic Beverage Control Law.
Section 65 (1) of the Alcoholic Beverage Control Law, entitled “Prohibited sales,” provides that “[n]o person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to . . . [a]ny person, actually or apparently, under the age of twenty-one years . . . .” Said subdivision, if literally construed and considered independently of the remainder of said section, of the article in which it is contained, and of the purpose clause of the Alcoholic Beverage Control Law, would render the facts in the accusatory instrument legally sufficient to allege a violation thereof.
However, it should be noted that the underlying policy of the Alcoholic Beverage Control Law is to “regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law” (Alcoholic Beverage Control Law § 2 [emphasis supplied]). Such policy is best carried out by allowing the State Liquor Authority to issue licenses to traffic in alcoholic beverages (see id.). In applying section 65 (1), a court has stated that the section “relates to licensees and was not intended to nor does it have any effect on persons other than licensees” (People v Armstrong, 24 Misc 2d 53, 54 [Steuben County Ct 1960, Gabrielli, J.]). It is thus clear that any offense contemplated under section *47 65 is directed against commercial vendors and distributors of intoxicants and not against individuals in their own homes (id.; see also People v Martell, 16 NY2d 245 [1965]; People v Himmel, 252 AD2d 273 [1999], lv denied 93 NY2d 899 [1999]; Greer v Ferrizz, 118 AD2d 536, 539 [1986]; 3 NY Jur 2d, Alcoholic Beverages § 141).
Our position in this regard is buttressed by a reading of Penal Law § 260.20 (2) which specifically exempts parents (or guardians) from criminal liability for giving alcoholic beverages to their child under the age of 21 years. Were section 65 (1) of the Alcoholic Beverage Control Law construed as the People urge and contrary to our interpretation, it would have the effect of imposing criminal liability upon a parent notwithstanding the Legislature’s obvious intent in enacting Penal Law § 260.20 (1) to exempt parents from such liability.
Rudolph, RJ., Angiolillo and McCabe, JJ., concur.