OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of selling alcoholic beverages to a visibly intoxicated person reversed, on the facts, and accusatory instrument dismissed.
Judgment convicting defendant of permitting gambling on licensed premises reversed, on the law, accusatory instrument dismissed, and fine remitted.
Defendant was charged in separate accusatory instruments with selling alcoholic beverages to a visibly intoxicated person (Alcoholic Beverage Control Law § 65 [2]) and permitting gambling on licensed premises (Alcoholic Beverage Control Law § 106 [6]). The charges were brought in the aftermath of a two-car automobile accident that took place on the late evening of Super Bowl Sunday of 2007. In the accident, a part-time bartender at a bar/restaurant called the Paddock, who was the driver of one of the cars, as well as another woman, who was in the other car, were fatally injured. There was substantial evidence at trial that the part-time bartender was intoxicated at the time of the accident. It was undisputed at trial that defendant was the sole shareholder of a corporation that was the owner of the Paddock, that the corporation held the liquor license for the Paddock, and that defendant managed the Paddock.
The accident occurred after the part-time bartender left the Paddock; the precise timing was disputed at trial. It was *36 undisputed that the part-time bartender had not been working at the Paddock on the evening in question, but, rather, had gone there to retrieve a forgotten cell phone and order take-out food. A prosecution witness testified that the part-time bartender had served herself alcoholic beverages while she was at the Paddock (there was no evidence that these beverages were paid for); a defense witness, who had been the bartender at the Paddock on the evening in question, testified that she herself had served the part-time bartender a beer on another customer’s “tab.”
The prohibited sale charge was based on the part-time bartender’s alleged ingestion of alcoholic beverages while she was at the Paddock. The gambling charge stemmed from defendant’s alleged running of a Super Bowl pool at the Paddock. After a nonjury trial, defendant was convicted of both charges.
With respect to the gambling charge, Alcoholic Beverage Control Law § 106 (6) reads: “No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises” (emphasis added).
Alcoholic Beverage Control Law § 3 (22) reads: “ ‘Person’ includes an individual, copartnership, corporations, society, joint stock company, alcoholic beverage officer appointed by a club or a luncheon club or limited liability company.”
Read together, these provisions lead to the conclusion that the corporation was the “person licensed to sell alcoholic beverages” here, and, hence, was the only “person” that could be held liable (see People v Galitsis, 266 App Div 136, 138 [1943]; see also People v Tyrrell, 154 Misc 379, 380 [1935]; cf. Penal Law § 20.25; People v Sakow, 45 NY2d 131 [1978]). In this matter, the People have not offered a factual basis for piercing the corporate veil (see generally Dromgoole v T-Foots, Inc., 309 AD2d 1186 [2003]; cf. People v Sakow, 45 NY2d at 135-136). Accordingly, the judgment convicting defendant of permitting gambling on licensed premises is reversed and the accusatory instrument is dismissed.
As for the charge of sale to a visibly intoxicated person, both the licensee corporation and an employee can be liable under Alcoholic Beverage Control Law § 65 (see People v Danchak, 24 AD2d 685 [1965]; see also People v Byrne, 77 NY2d 460 [1991]). Unlike Adcoholic Beverage Control Law § 106 (6), which imposes liability on a “person licensed,” Alcoholic Beverage Control Law § 65 imposes liability on a “person.”
*37 Alcoholic Beverage Control Law § 65 does not, however, apply to purely social settings (see People v Taxin, 11 Misc 3d 45, 46-47 [App Term, 9th & 10th Jud Dists 2006]). The title of section 65 refers only to “sales” (see McKinney’s Cons Laws of NY, Book 1, Statutes § 123). Alcoholic Beverage Control Law § 3 (28) defines “sale,” in relevant part, as follows: “ ‘Sale’ means any transfer, exchange or barter in any manner or by any means whatsoever for a consideration.” Thus, the title of section 65 and section 3 (28) together suggest that only transactions involving the provision of alcohol in return for consideration are covered by section 65. The initial text of section 65, however, points in a different direction. It reads, “No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away alcoholic beverages” (emphasis added). The scope of the statute was addressed in Gabrielle v Craft (75 AD2d 939, 940 [1980]; see also Carr v Kaifler, 195 AD2d 584 [1993]; Custen v Salty Dog, 170 AD2d 572 [1991]). Under our interpretation of Alcoholic Beverage Control Law § 65, the nonpaying self-service alleged by the prosecution witnesses here falls outside the purview of the statute (cf. Cunningham v Petrilla, 30 AD3d 996 [2006] [not reaching issue of civil liability of bar where employees were encouraged to drink as a means of encouraging customers to drink]).
Since the conviction cannot, in our view, be sustained on the basis of the prosecution scenario of self-service, the remaining question is whether it can be sustained on the basis of the defense’s version of the events. The alleged service of the beer on another customer’s “tab” was a conventional sale that would fall within the purview of Alcoholic Beverage Control Law § 65. We find, however, that a determination that defendant had the requisite personal involvement with such service to create criminal liability would be against the weight of the evidence. The evidence did not establish beyond a reasonable doubt that defendant was aware of the service, or that he could have anticipated the service, or that he participated in any manner in the preparation of the alcoholic beverage for service (see People v Byrne, 77 NY2d 460 [1991]; cf. People v Leonard, 8 NY2d 60 [1960]).
Accordingly, the judgment convicting defendant of selling alcoholic beverages to a visibly intoxicated person is reversed and the accusatory instrument dismissed. In view of our disposition, we reach no other issues.
*38 Tanenbaum and Nicolai, JJ., concur; Rudolph, EJ., taking no part.