*216 OPINION OF THE COURT
Joseph L. Latwin, J.
This case involves consumption of alcohol by our youth. The impact of alcohol abuse on the lives of our young people can be seen in traffic fatalities, increased crime, decreased productivity, and countless other alcohol-related problems. This issue is not new to Rye. (See e.g. People v Houis, 196 Misc 2d 754, 755 [Rye City Ct 2003] [where Judge Lane said “Drinking by youths and the too often concomitant supplying of alcohol to the young is a very serious problem, both locally and nationally. What is deemed by some to be a mere ‘rite of passage’ too often leads to tragedy”], and People v Bassett, Rye City Ct, Feb. 14, 2005, Alfano, J., file No. 04 Grim 444.) Each year, local newspapers report on some tragedy where young lives are lost to the effects of alcohol, whether by motor vehicle accidents, fights, falls or drowning, followed by the mourning and bemoaning of family and friends. There is no doubt that this is a serious problem; so important that it has attracted several attempts of the State Legislature to protect us and our children from the impacts of alcohol.
The State Legislature enacted a number of laws generally restricting access to alcoholic beverages by underage individuals. Several laws are directed toward persons other than the underage drinker: a person is prohibited from giving, selling, or causing to be given or sold any alcoholic beverage to a person less than 21 years old (Penal Law § 260.20 [2]) — the law at issue here (see also Alcoholic Beverage Control Law § 65 [1] [prohibiting selling, delivering, or giving away, or causing or permitting or procuring to be sold, delivered, or given away any alcoholic beverage to any person actually or apparently under the age of 21 years]) — and from misrepresenting the age of a person under the age of 21 years for the purpose of inducing the sale of any alcoholic beverage to such person (Alcoholic Beverage Control Law § 65-a). Moreover, a person who knowingly causes the intoxication or impairment of ability of a person under the age of 21 years by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for that minor may be civilly liable to a third party who is injured by reason of that intoxication. (General Obligations Law § 11-100 [1].) Related provisions of the Alcoholic Beverage Control Law direct that an entity licensed to sell alcoholic beverages may accept as written evidence of age only certain types of documentation. (Alcoholic Beverage Control Law § 65-b [2] [b].) Licensees also *217 must conspicuously display a notice regarding the illegality of the sale or giving of alcoholic beverages to persons under the age of 21 years and of the presentation of identification that is false, fraudulent, or not that of the presenter for the purpose of purchasing or attempting to purchase alcoholic beverages. (Alcoholic Beverage Control Law § 65-d.)
Other laws are directed toward the underage persons themselves: an underage person is prohibited from presenting or offering to a licensee under the Alcoholic Beverage Control Law any written evidence of age that is false, fraudulent, or not actually his or her own for the purpose of purchasing or attempting to purchase any alcoholic beverage (Alcoholic Beverage Control Law § 65-b [2] [a]) and from possessing any alcoholic beverage with the intent to consume it (Alcoholic Beverage Control Law § 65-c).
Among the laws passed by the Legislature is Penal Law § 260.20 — unlawfully dealing with a child. That is the crime with which the defendants are charged in this case. Defendants are charged by a superceding misdemeanor information with unlawfully dealing with a child in the first degree in violation of Penal Law § 260.20 (2).
“A person is guilty of unlawfully dealing with a child in the first degree when: . . .
“2. He gives or sells or causes to be given or sold any alcoholic beverage, as defined by section three of the alcoholic beverage control law, to a person less than twenty-one years old.”
Penal Law § 260.20 was derived from Penal Law of 1909 § 484 (3).[1] The intent of section 484 (3) was to protect the physical health, morals and well-being of children, and such solicitude related not only to sexual offenses but to other dangers as well. (People v Bergerson, 17 NY2d 398 [1966].) In 1985 several laws relating to underage drinking were amended by chapter 274 of the Laws of 1985, including Penal Law § 260.20, principally raising the legal drinking age from 19 to 21. The Governor’s Program Memorandum in support of the law said,
“Making alcohol accessible to young people results in a variety of public health, safety and legal problems. When young people can legally purchase alcohol, they are more likely to be killed or injured *218 in an automobile crash, more likely to be involved in a non-violent crime and more likely to experience a wide variety of health-related problems. In 1983, according to coroners' data, 21% of all 19 and 20 year olds who died in New York were legally intoxicated at the time of their death. The leading cause of death for 19 and 20 year olds is motor vehicle accidents. Although 19 and 20 year old[s]. . . represented only 4.1% of the licensed drivers in 1983, they were responsible for 13.4% of all alcohol-related fatal crashes and 12.8% of all alcohol-related injury producing crashes.” (Bill Jacket, L 1985, ch 274, reprinted in 1985 NY Legis Ann, at 123 [emphasis added].)
However, nothing in the legislative history sheds any light on the meaning of terms of the statute.
Defendants move to: (1) suppress defendants’ statements pursuant to CPL 710.20; (2) suppress evidence pursuant to CPL 710.20, 710.60 and 710.70; (3) dismiss the accusatory instrument for facial insufficiency; and (4) obtain disclosure of prior bad acts pursuant to CPL 240.43.
Facial Insufficiency
Since the issue of the facial sufficiency of the information is dispositive of the entire proceeding, it will be addressed first.
“A misdemeanor complaint ... or a count thereof, is sufficient on its face when:
“(a) it substantially conforms to the requirements prescribed in section 100.15; and
“(b) the allegations of the factual part of such accusatory instrument and/or any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.” (CPL 100.40 [4].)
Conformity with CPL 100.15
Under CPL 100.15, a misdemeanor complaint must each specify the name of the court with which it is filed and the title of the action, and must be subscribed and verified by a person known as the “complainant.” The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged. Each instrument must contain an accusatory part and a factual part. The accusatory part of each such instrument *219 must designate the offense charged. The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. In order for an information to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by nonhearsay allegations of such information and/or any supporting depositions.
Here the information clearly sets forth the court with which it was filed and the title of the action. It is subscribed and verified by Police Officer Gomez as complainant. It states that the allegations are made on the complainant’s direct knowledge. It contains an accusatory part that designates the offense charged, and a factual part that contains facts supporting or tending to support the charge. Thus, the form of the information appears to comply with CPL 100.15. That does not end the inquiry. The factual allegations must allege every element of the offense charged and be supported by nonhearsay evidence.
The elements of Penal Law § 260.20 are:
(a) the person charged must give or sell or cause to be given or sold;
(b) any alcoholic beverage, as defined by section three of the alcoholic beverage control law;
(c) to a person less than 21 years old.
The information alleges,
“The defendants at the above date, time and place, while aiding and abetting and acting in concert, did host a party for their daughter at their home where they allowed 13 persons, each of which was under the age of 21 years, each having dates of birth after the year of 1989 ... to consume alcohol on their property, which was observed by your deponent, who observed each youth drinking from Budlight [sic] beer cans. The defendants knew that the 13 persons were under that age of 21, due to the fact that they were the same age as the defendants’ daughter, who was under age 21, and defendants knew that the youths were not legally allowed to consume alcohol. The defendants admitted to your deponent to knowing that alcohol was being consumed at their home *220 by persons under the age of 21, and nevertheless allowed such activity to continue.”
There is no allegation that either defendant or anyone else gave or sold any alcohol to anyone. This failure to allege that anyone gave or sold alcohol to a minor alone might be sufficient to grant the motion. If no one sold or gave alcohol, defendants could not have caused alcohol to be sold or given. There are sufficient allegations in the information of alcoholic beverages (Bud Light) being imbibed by persons under 21 years of age. The issue presented is what constitutes “cause to be given” under Penal Law § 260.20 and if the facts alleged in the superceding information, given a fair and not overly technical reading of them — hosting a party in one’s home and knowingly allowing and observing persons known to be underage consuming alcohol — constitutes “cause to be given.” (People v Casey, 95 NY2d 354 [2000].)
Cause to be Given
“As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof.” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].) “[WJhere the language of a statute is clear and unambiguous, courts must give effect to its plain meaning” (Pultz v Economakis, 10 NY3d 542, 547 [2008] [internal quotation marks omitted]).
Penal Law § 260.20 makes a person guilty of unlawfully dealing with a child in the first degree when “[h]e . . . causes to be given or sold” alcohol to a minor. Penal Law § 260.20 does not define what “causes to be given” means. Its meaning is neither clear nor unambiguous. Several other laws use the phrase “causes to be given” but, like Penal Law § 260.20, none expressly sheds any light on what the phrase means. Alcoholic Beverage Control Law § 65 is the most pertinent since it concerns alcohol and minors. It provides, “No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages.” Alcoholic Beverage Control Law § 65 is designed to embrace conduct where parties participate directly or indirectly in actual immediate service to a minor, or knowledgeably and voluntarily, singly or in combination, or under circumstances that should impart knowledge, act so as to permit delivery of an alcoholic beverage to such minor. (People v Griesebacker, 6 AD2d 679 [1st Dept 1958].) While Alcoholic Beverage Control Law § 65 and Penal Law § 260.20 are both aimed at the same evil, Alcoholic Bever *221 age Control Law § 65, however, deals with licensees of the State Liquor Authority, not private homeowners. (People v Knox, 25 Misc 3d 34 [App Term, 9th Jud Dist 2009]; People v Taxin, 11 Misc 3d 45 [App Term, 9th Jud Dist 2006], lv denied 6 NY3d 898 [2006].) Alcoholic Beverage Control Law § 65’s specific addition of “permit” to the list of prohibited activities beyond those specified in Penal Law § 260.20 is instructive. The use of “permit” indicates that the Legislature, when it wanted to ban knowing passive acquiescence in the face of alcohol consumption by minors, could and did do so. The failure to include “permit” in the list of prohibited activities in Penal Law § 260.20 must be read as an intentional omission of knowing passive acquiescence from its prohibition.[2] Where the Legislature has listed specific items in a statute, the general rule is that the express mention of one thing implies the exclusion of other similar things (expressio unius est exclusio alterius). (People v Braunhut, 101 Misc 2d 684 [Crim Ct, Queens County 1979].)
Other laws using the phrase discuss mandating a physical activity, usually delivery of a notice or information,[3] or concern the giving of bribes.[4]
While generally penal statutes are strictly construed against the People and in favor of the accused, this general rule does *222 not apply to the Penal Law, but its provisions must be construed according to the fair import of its terms to promote justice and effect the objects of the law. (Penal Law § 5.00.)
There are no reported New York cases that define the parameters of “causes to be given” under Penal Law § 260.20 and only a handful of cases that even mention the phrase.[5] The principal New York case was decided under the former statute and its reasoning no longer applies. (People v Martell, 16 NY2d 245 [1965] [Penal Law of 1909 § 484 (3) does not make criminal the service of alcoholic drinks to minors in the home of the person who served them]; contra People v Arriaga, 45 Misc 2d 399 [1965], supra [Penal Law of 1909 § 484 (3) is not by its terms limited to commercial or any other type of establishment].)
The People rely on People v Taxin (11 Misc 3d 45 [App Term, 9th Jud Dist 2006], lv denied 6 NY3d 898 [2006]), where the defendants hosted a party for minors in the basement of their home at which alcohol was consumed. Defendants in Taxin were charged With violating Penal Law § 260.20 and Alcoholic Beverage Control Law § 65 (1). The Justice Court of the Town of Greenburgh dismissed the Alcoholic Beverage Control Law charge on motion based upon the limited applicability of the Alcoholic Beverage Control Law to permittees of the State Liquor Authority and not individuals in their homes. The Appellate Term upheld the dismissal of the Alcoholic Beverage Control Law charge and mentioned the Penal Law charge only in comparing the explicit exemption of parental liability in Penal Law § 260.20.
The case law from other states is equally unhelpful. Mere availability of alcohol at a social event attended by minors did not constitute “giving.” (Hopper v F.W. Corridori Roofing Co., 305 A2d 309 [Del Sup Ct 1973].) In Blodgett v State (97 Ga 351, 23 SE 830 [1895]), the defendant placed a jug of whisky on a counter and invited those present, including minors, to help themselves. In State v Alvord (46 Idaho 765, 271 P 322 [1928]) more than merely offering liquor was required. Pouring alcohol *223 and permitting a minor to take it was sufficient in State v Davis (244 Iowa 400, 56 NW2d 881 [1953]) where the statute prohibited “knowingly permitting” an underage person to consume alcohol. A conviction was upheld where the host did not merely make his house available to underage friends for a party but where beer was served from a keg in defendant’s presence and attendees paid for the privilege. (State v Haarde, 230 NJ Super 605, 554 A2d 872 [1989].) In State v Hammons (59 W Va 475, 53 SE 630 [1906]) a conviction was not sustained where the host gave alcohol to a parent who then gave it to his child.
We are left to dictionary definitions of causes, which generally means to effect or produce a result[6] and the works of great philosophers.[7] Under the dictionary definitions, the cause must produce or effect an event. Hosting a party does not produce the result of alcohol being sold or given to a minor. Knowing of and observing an act, such as the consumption of alcohol by minors, cannot be said to effect or produce that act since, by definition, an act must occur before it is observed or known. Furthermore, the statute does not prohibit drinking by minors in a home; it prohibits the sale or giving of alcohol to minors, or causing alcohol to be sold or given to minors. The acts charged must result in the sale or giving of alcohol to minors, not merely its consumption.
Giving “cause to be given or sold” a fair and not overly technical reading, the minimum required to sustain a charge under this language requires that the defendants do something that is a necessary and proximate cause of a sale or gift of alcohol to a minor. While purchasing a keg of beer and providing drinking glasses for a minor’s birthday party would likely be sufficient, building a house where, five years later, alcohol is sold or given to minors would appear insufficient. This case is much closer to the latter than the former. Clarifying the line between the *224 prohibited and the permissible will have to await a case-by-case evolution or an act of the State Legislature.
Based on the foregoing, the court finds that mere hosting with observation and knowledge of consumption of alcohol by minors is itself not causing alcohol to be sold or given in violation of Penal Law § 260.20. What the defendants are charged with doing was ill-advised, foolish and wrong, but that does not make it a crime. It is not socially tolerable, but the Legislature has not made it illegal.
If the Legislature wishes to criminalize the knowing passive hosting of parties at which alcohol is served to minors, it certainly may and probably ought to do so. The Legislature has proposed changes to Penal Law § 260.20 to strengthen it and expand its reach. (See e.g. 2009 NY Assembly Bill A8645 [to encourage alcohol training awareness programs]; 2009 NY Assembly Bill A6121 [to make it a felony]; and 2009 NY Assembly Bill A3443 [to increase fines].)
Even if the State Legislature is not so inclined, the City of Rye appears to have the authority to prohibit knowing passive hosting. The Attorney General has opined that a municipality has the authority to enact a local law that would prohibit any person over 16 years of age from hosting a party at premises under his or her control where five or more minors (meaning any person under 21 years of age) are present and alcohol is being consumed by any minor. (2006 Ops Atty Gen No. 2006-2.) There are remedies for future situations such as occurred here, but those remedies lie with the legislative bodies, and not the courts.
Pending legislative action, the police and prosecutors are limited by the language of the law as it now stands. Their diligent efforts in this case to protect minors and the public were the right thing to do and they did the best they could, but they are encumbered by the limiting wording of the statute.
It is ordered, that the defendants’ motion to dismiss the information is granted and the remainder of their motion is denied as moot.

. For a history of the former section, see People v Arriaga (45 Misc 2d 399, 400 [Syracuse City Ct 1965]).

. A court cannot by implication supply in a statute a provision which is reasonable to suppose the Legislature intended intentionally to omit. When it is urged that a particular statute should be construed to cover a matter not expressly mentioned in the act, the courts frequently assert that, if the Legislature had intended the statute to include the matter in question, it would have been easy for them to have said so and to have expressly included it. The court reasons that the failure of the Legislature to include the matter within the scope of the act indicates that its exclusion was intended, and the court refuses to insert the matter in the statute on the ground that it has no power to make such judicial legislation.

. See Banking Law § 6021 (7) (“The board shall cause to be given to each stockholder entitled to purchase shares ... a notice”); Business Corporation Law § 622 (same); Employers’ Liability Law § 4 (“employee knew of the defect or negligence which caused the injury and failed, within a reasonable time, to give, or cause to be given, information thereof to the employer”); General Business Law § 117 (“No person issuing, selling or offering. . . any such passage ticket . . . shall give or cause to be given any false or misleading information”); General Municipal Law § 93-a; Local Finance Law § 90.10; Mental Hygiene Law § 81.07; Navigation Law §§ 182, 192 (“Any person who knowingly gives or causes to be given any false information”); Public Health Law § 2803; Rapid Transit Law § 55; Social Services Law § 461-a; Tax Law § 1134; Workers’ Compensation Law § 117.

. Election Law § 17-140 (“Any person who directly or indirectly . . . causes to be given . . . any . . . meat, drink, tobacco, refreshment or provision [to a board of election official]”); Public Officers Law § 75 (“A person who gives or offers, or causes to be given or offered, a bribe”).

. The cases either merely recite the statutory language or deal with whether a private right of action exists. (Sheehy v Big Flats Community Day, 73 NY2d 629 [1989]; Stambach v Pierce, 136 AD2d 329 [4th Dept 1988]; Burns v Adler, 171 Misc 2d 198 [White Plains City Ct 1996]; People v Kaufman, 132 Misc 2d 530 [Oswego City Ct 1986]; Montgomery v Orr, 130 Misc 2d 807 [Sup Ct, Oneida County 1986]; Dynarski v U-Crest Fire Dist., 112 Misc 2d 344 [Sup Ct, Erie County 1981].)

. E.g. Oxford American Dictionary (“to produce, to make happen”); Webster’s New World Dictionary (“to bring about, make happen, effect, induce, produce or compel”).

. E.g. Aristotle, The Four Causes, Part II (3) which may be summarized as: (a) The material cause: “that out of which,” e.g., the bronze of a statue; (b) the formal cause: “the form,” “the account of what-it-is-to-be,” e.g., the shape of a statue; (c) the efficient cause: “the primary source of the change or rest,” e.g., the artisan, the art of bronze-casting the statue, the man who gives advice, the father of the child; and (d) the final cause: “the end, that for the sake of which a thing is done,” e.g., health is the end of walking, losing weight, purging, drugs, and surgical tools.