Chief Judge Desmond.
Defendant, pursuant to permission granted by a Judge of this court, has appealed from an-Appellate Term affirmance of a Dutchess County Court judgment convicting defendant of one violation of subdivision 2 of section 483 of the Penal Law and four violations of subdivision 3 of section 484 of that law. For the misdemeanor conviction under section 483 the defendant was sentenced to jail for a period of 15 days which she had already served. As to the four viola *247 tions of section 484 defendant was given a suspended sentence and placed on probation.
Since defendant is not questioning the validity of the section 483 (endangering the morals of a minor) conviction, it will not be discussed herein.
The four charges under section 484 as to which defendant stands convicted were all for transgressions of subdivision 3 of that section which makes guilty of a misdemeanor a person who “ Sells or gives away, or causes or permits or procures to be sold or given away to any child actually or apparently under the age of eighteen years any alcoholic beverages as defined by the alcoholic beverage control law ’ ’. If that subdivision were to be read off by itself and with all literalness defendant’s convictions thereunder would be beyond attack since there was proof that at various times over a period of six months she permitted four children under the age of 18 years to congregate in her home and there gave them alcoholic beverages to drink. Her defense on the law, however, is that it was not the legislative intent to make criminal the service of alcoholic beverages to youngsters in the home of the person who served them. The point is well taken and the conviction must be reversed and the indictment dismissed. Several rules of statutory construction come into play and the application of any or all of them sustains defendant’s position. The first is the rule that to get the sense of a statute one must read the whole of it (People v. Ryan, 274 N. Y. 149; People v. Dethloff, 283 N. Y. 309). Section 484 shows an absence of legislative intent to.penalize acts like defendant’s, not only by its title (“ Permitting children to attend certain resorts”) but also by the linking of subdivision 3 (supra) with six other subdivisions each of which forbids certain commercial activities with children which are thought to be harmful to the children. Similarly, we have the rule of “ noscitur a sociis ” (or “ ejusdem generis ”) which as here applicable suggests that no more was intended than the prohibition of certain activities as to children when carried on in certain resorts or by people in certain kinds of business (People v. Richards, 108 N. Y. 137; Palmer v. Van Santvoord, 153 N. Y. 612; People v. Eastman, 188 N. Y. 478).
*248 We need not go to the question of whether a statute would be constitutional which made criminal the service of alcoholic beverages, in a residence, to the children of the house or to guests under 18 years of age. This appeal can be disposed of by a simple holding that subdivision 3 of section 484 cannot reasonably be read as making criminal such dispensing of drinks in the home. It is of some significance, too, that no one has found any record of a prior prosecution under that subdivision for such activities.
Not applicable here is subdivision 4 of section 260.20 of the new Penal Law (L. 1965, ch. 1030) which is in somewhat different language and possibly (we express no opinion as to this) of different purpose and effect.
The judgment should be modified by striking that part of the judgment which found defendant guilty under counts of the indictment numbered 1, 4, 5 and 6 and, as so modified, affirmed.
Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed.