47 N.Y.2d 695 (1979)
The People of the State of New York, Appellant,
v.
Harold Haff, Respondent.
The People of the State of New York, Appellant,
v.
William Phears, Respondent.
The People of the State of New York, Appellant,
v.
William Landman, Respondent.
Court of Appeals of the State of New York.
Argued June 4, 1979.
Decided July 10, 1979.
Denis Dillon, District Attorney (Judith K. Rubinstein and William C. Donnino of counsel), for appellant in the first, second and third above-entitled actions.
John Joseph Sutter and Ruth C. Balkin for respondent in the first, second and third above-entitled actions.
Chief Judge COOKE and Judges JONES, FUCHSBERG and MEYER concur with Judge JASEN; Judges GABRIELLI and WACHTLER concur in result in a memorandum.
*698 JASEN, J.
Defendants, former public officers of the Town of Hempstead, were indicted and convicted of violating subdivision 3 of section 107 of the Civil Service Law, which essentially prohibits public officers and employees from utilizing their authority or influence to induce payment of political assessments by other public officers or employees. The Appellate Term reversed defendants' convictions, on the law, and dismissed the indictments, concluding that the indictments did not state a crime under subdivision 3 of section 107. The People now appeal pursuant to leave granted by a Judge of this court.
Subdivision 3 of section 107 of the Civil Service Law provides: "Political assessments. No officer or employee of the state or any civil division thereof shall, directly or indirectly, use his authority or official influence to compel or induce any other officer or employee of the state or any civil division thereof, to pay or promise to pay any political assessment, subscription or contribution. Every officer or employee who may have charge or control in any building, office or room occupied for any governmental purpose is hereby authorized to prohibit the entry of any person, and he shall not knowingly permit any person to enter the same for the purpose of making, collecting, receiving or giving notice therein, of any political assessment, subscription or contribution; and no person shall enter or remain in any such office, building or room, or send or direct any letter or other writing thereto, for the purpose of giving notice of, demanding or collecting a political assessment; nor shall any person therein give notice of, demand, collect or receive any such assessment, subscription or contribution. No person shall prepare or take any part in preparing any political assessment, subscription or contribution with the intent that the same shall be sent or presented to or collected of any officer or employee subject to the provisions of this chapter, and no person shall knowingly send or present any political assessment, subscription or contribution to or request its payment of any said officer or employee. Any person violating any provision of this subdivision shall be guilty of a misdemeanor."
The indictments at issue charged that defendants Phears, Haff and Landman, the Commissioners of Water, Highways and Sanitation of the Town of Hempstead, respectively, did at various times "within a building occupied for a *699 governmental purpose give notice to certain of [their] subordinates who were then employees subject to the provisions of the Civil Service Law of the State of New York that political assessments, subscriptions and contributions were to be received and collected by such subordinates on behalf of a political organization." Construing these indictments as charging defendants merely with "advising" their subordinates that they would be receiving and collecting political assessments, subscriptions or contributions, the Appellate Term concluded that the indictments failed to state a crime because, in its view, subdivision 3 of section 107 did not prohibit such conduct but, rather, prohibited only the giving of notice of a political assessment or the demanding, collecting or receiving of any political assessment. On this ground alone the Appellate Term reversed defendants' convictions and dismissed the indictments. We similarly address only this question. There should be a reversal.
It is well-settled law that an indictment must charge all of the legally material elements of the crime charged and allege that the defendant committed the acts which comprise those elements. (People v Iannone, 45 N.Y.2d 589, 594; People v Corbalis, 178 N.Y. 516, 520-521.) Inherent in this requirement is the principle that no act or omission constitutes a crime except as prescribed by statute. (People v Knapp, 206 N.Y. 373, 380.) Contrary to the conclusion reached by the Appellate Term, we believe that subdivision 3 of section 107 of the Civil Service Law prohibits the conduct charged in the instant indictments.
Specifically, this section provides that no person in any office, building or room occupied for any governmental purpose shall "give notice of, demand, collect or receive any [political] assessment, subscription or contribution." Interpreting these words as commonly understood, we believe a notice given by a public officer to his subordinates that they are to collect and receive political assessments, subscriptions or contributions on behalf of a political organization falls within this proscription. By "advising" their subordinates of this fact, defendants gave notice of a political assessment within the meaning of this section. Nothing in subdivision 3 of section 107 limits its prohibition to the giving of notice of a political assessment to the ultimate target of the assessment, and we see no legitimate reason for implying such a restrictive gloss.
Accordingly, the orders of the Appellate Term should be *700 reversed and the cases remitted to the Appellate Division, Second Department, for a review of the facts and questions of law not previously considered.
GABRIELLI and WACHTLER, JJ. (concurring).
We agree that the indictments facially charge a crime to the extent that the defendants are charged with giving notice of a political assessment in a public building (Civil Service Law, § 107, subd 3). An indictment cannot be said to be legally insufficient if it literally employs the language of the statute. Thus the order of the Appellate Term should be reversed. But we do not agree with the majority that there may have been a violation of the spirit as well as the letter of the law. That can only be determined by reviewing the proof submitted at the trial or the statements made at the time of the plea (cf. People v Serrano, 15 N.Y.2d 304). The sufficiency of that evidence must now be reviewed by the Appellate Division (cf. People v Fitzgerald, 45 N.Y.2d 574).
We would note, however, that the purpose of the statute is to protect public employees from being coerced into paying political contributions. Here, however, there was no claim of coercion or that the defendants ever told any public employee that he should make a political contribution. Instead the defendants are charged solely with mentioning political contributions in a public building. The Legislature could not have intended our public buildings to pose such a grave danger to the unwary speaker.
It is fundamental that criminal statutes should not be read "with all literalness" (People v Martell, 16 N.Y.2d 245, 247; People v Klein, 16 N.Y.2d 263; People v Fiedler, 31 N.Y.2d 176; cf. People v Brooks, 34 N.Y.2d 475, 478). The court's role is to carry out the purpose of the statute and "to get the sense of a statute one must read the whole of it" (People v Martell, supra, p 247). In this case, however, one phrase has been plucked out of context and applied blindly to conduct which, in our view, did not involve any element of coercion.
It is also significant to note that although this statute was enacted nearly a century ago, there is no reported case in which the remarks made by these defendants have been held to constitute a violation of the law. That perhaps is the best indication that these prosecutions go well beyond "the fair scope of the statutory mandate" (People v Case, 42 N.Y.2d 98, 101; see, also, People v Martell, supra, p 247).
In each case: Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.