Gabrielli and Wachtler, JJ.
(concurring). We agree that the indictments facially charge a crime to the extent that the defendants are charged with giving notice of a political assessment in a public building (Civil Service Law, § 107, subd 3). An indictment cannot be said to be legally insufficient if it literally employs the language of the statute. Thus the order of the Appellate Term should be reversed. But we do not agree with the majority that there may have been a violation of the spirit as well as the letter of the law. That can only be determined by reviewing the proof submitted at the trial or the statements made at the time of the plea (cf. People v Serrano, 15 NY2d 304). The sufficiency of that evidence must now be reviewed by the Appellate Division (cf. People v Fitzgerald, 45 NY2d 574).
We would note, however, that the purpose of the statute is to protect public employees from being coerced into paying political contributions. Here, however, there was no claim of coercion or that the defendants ever told any public employee that he should make a political contribution. Instead the defendants are charged solely with mentioning political contributions in a public building. The Legislature could not have intended our public buildings to pose such a grave danger to the unwary speaker.
It is fundamental that criminal statutes should not be read "with all literalness” (People v Martell, 16 NY2d 245, 247; People v Klein, 16 NY2d 263; People v Fiedler, 31 NY2d 176; cf. People v Brooks, 34 NY2d 475, 478). The court’s role is to carry out the purpose of the statute and "to get the sense of a statute one must read the whole of it” (People v Martell, supra, p 247). In this case, however, one phrase has been plucked out of context and applied blindly to conduct which, in our view, did not involve any element of coercion.
It is also significant to note that although this statute was enacted nearly a century ago, there is no reported case in which the remarks made by these defendants have been held to constitute a violation of the law. That perhaps is the best indication that these prosecutions go well beyond "the fair scope of the statutory mandate” (People v Case, 42 NY2d 98, 101; see, also, People v Martell, supra, p 247).
*701 Chief Judge Cooke and Judges Jones, Fuchsberg and Meyer concur with Judge Jasen; Judges Gabrielli and Wachtler concur in result in a memorandum.
In each case: Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.