Marcley J. Hilderbrand, Esq. Village Attorney, Delhi
You have asked whether the Village of Delhi may pass a local law banning the consumption of alcoholic beverages in public or private places by persons under the age of 21 years.
Under the home rule provisions of the New York Constitution and the Municipal Home Rule Law, municipalities have the power to adopt local laws relating to the "government, protection, order, conduct, safety, health and well-being of persons or property" within the municipality as long as these local laws are not inconsistent with the State Constitution or a general State law (NY Const, Art IX, § 2[c]; Municipal Home Rule Law, § 10[1][ii][a][12]). This is the grant of the police power to local governments. The Municipal Home Rule Law defines "general law" as a State statute which by its terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages (Municipal Home Rule Law, §2[5]). The question is whether the proposed local law is inconsistent with a general State law.
Ever since the twenty-first amendment to the United States Constitution ended Prohibition, the states have had full authority to deal with the subject of intoxicating liquors (Matter of J.A.J. Liquor Store, Inc. vNYS Liquor Authority, 64 N.Y.2d 517 [1985], probable jurisdiction noted by 324 Liquor Corp. v McLaughlin, ___ US ___, 106 S Ct 1456 [1986];Battipaglia v NYS Liquor Authority, 745 F.2d 166 [2d Cir, 1984], cert den470 U.S. 1027 [1985]). New York's Alcoholic Beverage Control Law (ABCL) seeks to regulate and control the manufacture, sale and distribution within the State of alcoholic beverages to foster and promote temperance and respect for and obedience to law (ABCL, § 2). As recently amended, section 65 of the ABCL makes it illegal to sell, deliver or give away alcoholic beverages to any person under the age of 21 (L 1985, ch 274).
In addition to the restriction placed by the ABCL on sales to minors, the Penal Law also makes criminal the sale or provision of alcoholic beverages to persons under the age of 21. Penal Law, § 260.20, titled "Unlawfully dealing with a child" currently provides as follows:
 "A person is guilty of unlawfully dealing with a child when:
• • •
 "4. He gives or sells or causes to be given or sold any alcoholic beverage, as defined by section three of the alcoholic beverage law, to a person less than twenty-one years old; except that this subdivision does not apply to the parent or guardian of such a person . . ." (Penal Law, § 260.20[4]).
Violation of this section is a class B misdemeanor.
The provisions of the State Penal Law have long been recognized as general laws, inasmuch as they are applicable alike to all municipalities throughout the State (Municipal Home Rule Law, § 2[5]; Adler vDeegan, 251 N.Y. 467, 489 [1929] [concurring opn, Cardozo, J.]; People vAutieri, 120 Misc.2d 725, 730-731 [City Ct, Mt. Vernon, 1982]). Section 260.20 is such a general law and has the same purpose as Delhi's proposed local law: restricting the consumption of alcoholic beverages by persons under the age of 21. The Governor's approval memorandum which accompanied the legislation raising the drinking age indicates that the purpose of placing these restrictions on providers of alcoholic beverages is to protect persons under age 21:
 "Alcohol-related highway accidents are the leading cause of death for nineteen and twenty year olds. The impact of alcohol abuse on the lives of our young people can also be seen in increased crime, decreased productivity, and countless other alcohol-related problems. Although there is no panacea for the complex problem of alcohol abuse, the effectiveness of purchase age legislation in reducing alcohol-related highway accidents, and other manifestation of alcohol abuse has been well documented" (L 1985, ch 274, Governor's Approval Memorandum, #20).
The Legislature has chosen to address the problem of alcohol abuse by persons under age 21 by outlawing the sale, delivery or gift of alcohol to these persons. The actual consumption of alcohol by persons under age 21 has not been made illegal. In our view, this is not an incidental or unintended result of the statute. Indeed, section 260.20 specifically makes legal the provision of an alcoholic beverage (presumably for the purpose of consumption) to a person under 21 by that person's parent or guardian (Penal Law, § 260.20[4]; see People v Martell,16 N.Y.2d 245, 247 [1965]).
We believe that the proposed local law, inasmuch as it would ban under-age drinking in private as well as public places, is inconsistent with State law. It would prohibit, for example, 20-year olds from having a glass of beer or wine at the dinner table with their parents, an activity which is permissible under the State statute. Thus, the proposed local law is inconsistent with a general law and therefore is prohibited (Consolidated Edison Co. of New York, Inc. v Town of Red Hook,60 N.Y.2d 99, 108 [1983]; People v DeJesus, 54 N.Y.2d 465, 472 [1981];Wholesale Laundry Bd. of Trade v City of New York, 17 A.D.2d 327 [1st Dept, 1962], affd 12 N.Y.2d 998 [1963]).
We conclude that a municipality may not pass a local law banning the consumption of alcoholic beverages in public or private places by anyone under the age of 21 years.