■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered November 4, 1989, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that his constitutional rights were violated by a forcible stop, search and seizure which he alleges was improper. He argues, therefore, that the gun recovered as a result of that procedure should have been suppressed as the fruit of an illegal search. We disagree. The determination of the hearing court, with its advantage of having seen and heard the witnesses, must be accorded great weight *(see, People v Prochilo,* 41 NY2d 759, 761). Issues of credibility are primarily for the hearing court, and its findings should be upheld unless they are clearly erroneous *(see, People v Armstead,* 98 AD2d 726; *People v Africk,* 107 AD2d 700, 701-702). Here, the officers obtained information about a violent crime involving guns from a citizen witness who volunteered his name and address and who the police believed to be telling the truth. Therefore, when the officers observed four individuals who substantially matched the descriptions given by the witness and who were two blocks away from the scene of the purported crime, within 30-35 minutes of the commission of the crime, they had probable cause to suspect that these individuals had committed the crime. They were therefore justified in "intruding upon the individual's liberty in the greatest possible way" *(People v Finlayson,* 76 AD2d 670, 675). The officers were entitled to frisk the defendant in the reasonable belief that they were in danger of physical injury by virtue of the defendant being armed *(see,* CPL 140.50 [3]; *Terry v Ohio,* 392 US 1; *People v Benjamin,* 51 NY2d 267; *People v Finlayson, supra,* at 670). Moreover, once a gun was recovered, there was probable cause to believe that the other individuals may have also possessed weapons or were guilty of constructively possessing that weapon. Accordingly, the denial of that branch of the defendant's omnibus motion which was to suppress the gun recovered as a result of that search was proper. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.