■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered April 11, 1989, convicting him of criminal possession of a weapon in the third degree under Indictment No. 10938/87, upon his plea of guilty, and imposing sentence, and from an amended judgment of the same court (Goldberg, J.), rendered April 12, 1989, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing sentence upon his previous conviction of attempted criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree under Indictment No. 2611/86. The appeal brings up for review the denial, after a hearing (Grajales, J.), of that branch of the defendant's omnibus motion under Indictment No. 10938/87 which was to suppress physical evidence.

Ordered that the judgment and amended judgment are affirmed.

The sole witness at the suppression hearing was the arresting officer who testified that while he was patrolling the Albee

Square Mall in Brooklyn, he observed a large bulge, which he perceived to be a gun, in the back waistband of the defendant's pants when the defendant leaned forward to play a pinball machine. In addition, the officer testified that he was also able to see about half the length of the butt of a gun. Under these circumstances, the stop of the defendant and the recovery of a .38 caliber revolver from the waistband behind the defendant's back was proper (see, *People v Prochilo*, 41 NY2d 759; *People v Rodriguez*, 164 AD2d 824; *People v Cruz*, 158 AD2d 293; *People v Rivera*, 121 AD2d 166, *affd* 68 NY2d 786; *see also, People v King*, 165 AD2d 835; *People v Milliner*, 146 AD2d 717). We discern no basis for disturbing the suppression court's finding that the officer's testimony was credible (see, *People v Tromp*, 160 AD2d 750; *People v Cruz, supra; People v Rivera, supra*).

In view of our determination, there is no basis for vacatur of the plea under Indictment No. 2611/86 (cf., *People v Clark*, 45 NY2d 432). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.