■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered November 6, 1986, convicting him of manslaughter in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement personnel.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police possessed probable cause to place him under arrest, inasmuch as an identified civilian witness, who observed the defendant strike the victim with a blunt object, informed the police at the scene that the defendant was the perpetrator of the crime (see, *People v Davis,* 166 AD2d 604, 605; *People v Ward,* 95 AD2d 233; see also, *People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852). Moreover, although the defendant now takes issue with the court's decision to credit the testimony of the People's witnesses, it is well settled that the hearing court's determination with respect to issues of credibility is entitled to great weight and will be upheld unless clearly erroneous (see, e.g., *People v Prochilo,* 41 NY2d 759; *People v Davis,*

*supra,* at 605; *People v Africk,* 107 AD2d 700, 701-702). Here, the hearing court's determination is fully supported by the record and will not be disturbed.

Additionally, the hearing court properly concluded that the defendant's statements to the police were voluntarily obtained and thus properly admissible at trial. The record reveals that certain of the statements in issue were spontaneously uttered before the defendant was taken into custody, while the remaining statements were made subsequent to the defendant's arrest but after the defendant's *Miranda* rights had been properly administered and waived.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or lacking in merit. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.