█ In the Matter of TROY C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated October 18, 1991, which, upon a fact-finding order of the same court, dated September 26, 1991, made upon his admissions, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court erred in crediting the hearing testimony of a police officer regarding his observation of a bulge in the appellant's waistband. However, as we frequently have noted, "[t]he determination of the hearing court, with its advantage of having seen and heard the witnesses, must be accorded great weight (see, People v Prochilo, 41 NY2d 759, 761). Issues of credibility are primarily for the hearing court, and its findings should be upheld unless they are clearly erroneous (see, People v Armstead, 98 AD2d 726; People v Africk, 107 AD2d 700, 701-702)" (People v Davis, 166 AD2d 604, 605). In the instant case, the testifying officer claimed that he saw a bulge in the appellant's waistband when the appellant pushed open a door in order to exit a restaurant. Although the appellant adduced evidence indicating that the restaurant door could only be pulled open from the inside, we find that this discrepancy did not render the

officer's logical and consistent testimony manifestly untrue or unbelievable. Hence, we discern no basis for disturbing the determination of the Family Court as to the credibility of the officer.

Furthermore, the observation of the bulge, which is recognized as the "telltale of a weapon" *(People v De Bour,* 40 NY2d 210, 221; *see, People v Rasberry,* 172 AD2d 293; *People v King,* 165 AD2d 835; *People v Sims,* 127 AD2d 712), along with the other circumstances in this case, justified the officer's actions of stopping the appellant and conducting the protective pat-down frisk which precipitated the arrest. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.