■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED HIRSCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered October 24, 1989, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Posner, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in crediting the testimony of the two police officers who searched and arrested him. We disagree.

It is well settled that "[t]he determination of the hearing court, with its advantage of having seen and heard the witnesses, must be accorded great weight (see, *People v Prochilo,* 41 NY2d 759, 761). Issues of credibility are primarily for the hearing court, and its findings should be upheld unless they are clearly erroneous (see, *People v Armstead,* 98 AD2d 726; *People v Africk,* 107 AD2d 700, 701-702)" *(People v Davis,* 166 AD2d 604, 605). Contrary to the defendant's claim, there is nothing in the record which compels the conclusion that the

testimony of the officers was unworthy of belief, and the resolution of the alleged inconsistencies in their testimony was for the trier of fact *(see, People v Herriot,* 110 AD2d 851). Accordingly, since the hearing court's conclusions are amply supported by the record and are not manifestly erroneous, we discern no basis for disturbing its determination in this case. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.