■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTANEDA, Appellant. [603 NYS2d 563] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 14, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated October 21, 1991, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. By decision and order of this Court dated January 25, 1993, the matter was remitted to the Supreme Court, Kings County, for a hearing on the defendant's motion pursuant to CPL 440.10, and the appeal was held in abeyance pending the hearing *(People v Castaneda,* 189 AD2d 890). The hearing has now been conducted.

Ordered that the judgment and the order are affirmed.

The defendant contends on his direct appeal from the judgment of conviction and on appeal from the denial of his motion pursuant to CPL 440.10 that he was denied effective assistance of counsel. We remitted the matter to the Supreme

Court, Kings County, for a hearing on the defendant's motion pursuant to CPL 440.10 in view of trial counsel's equivocal response to the defendant's claim that she failed to contact a crucial witness.

Following a hearing at which, *inter alia,* the trial counsel, the defendant, and the purportedly crucial witness testified, the court determined that trial counsel made an effort to locate the witness upon first learning of her existence during the trial. The conflicting testimony with respect to whether trial counsel had been informed about the witness prior to the trial presented an issue of credibility for the hearing court and we decline to disturb the resolution of that issue *(see, e.g., People v Prochilo,* 41 NY2d 759; *People v Smith,* 178 AD2d 625; *People v Garcia,* 149 AD2d 241, *affd* 75 NY2d 973). Under the circumstances, we find that the trial counsel's failure to locate this witness during the trial did not render her representation less than meaningful. Moreover, upon our review of the trial record, we find that the defendant was not deprived of effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). Trial counsel made an appropriate omnibus motion, pursued a plausible trial strategy in view of the strong eyewitness testimony, and delivered a cogent, albeit brief, summation. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.