■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GOMEZ, Appellant. [613 NYS2d 24] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 30, 1992, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

Upon responding to and confirming a radio transmission that shots had been fired at the defendant's apartment, law enforcement officials attempted to gain access to the apartment. The defendant opened his apartment door and explained that his 1½ year old son, whom he was carrying, had accidentally discharged a gun, after which the defendant had thrown the gun out of the window into the courtyard. After a search of the courtyard proved fruitless, a police captain asked the defendant's wife, a New York City police officer who had arrived on the scene, for permission to search the apartment for the weapon. After conferring with her PBA representative, the defendant's wife consented to the search. The search yielded two guns which were ultimately traced to the previous robbery of a Nassau County gun store.

The defendant contends that the hearing court should have granted suppression of the guns. The defendant contends that the hearing court improperly credited the testimony of the People's witnesses, specifically, that his wife had consented to the search and that her consent had been voluntarily given. We disagree.

Although there are minor inconsistencies in the testimony of the police officers and although their testimony is contradicted by the testimony of the defendant's wife, the hearing court's resolution of issues of credibility is entitled to great weight on appeal and will not be disturbed when, as here, it is supported by the record *(see, People v Prochilo,* 41 NY2d 759; *People v Chou,* 203 AD2d 299). The evidence is sufficient to establish that the defendant's wife did not simply acquiesce to coercion by her superior, but that she voluntarily consented to the search of the apartment. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.