■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McKNIGHT, Appellant. [666 NYS2d 449] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (McKay, J.), both rendered December 19, 1995, convicting him of robbery in the second degree under Indictment No. 8197/95, and robbery in the third degree under Superior Court Information No. 15072/95, upon his pleas of guilty, and imposing sentences. The appeal under Indictment No. 8197/95 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The defendant's waiver of his right to appeal forecloses review of his claim that the sentence imposed under Indictment No. 8197/95 was excessive (*see, People v Allen,* 82 NY2d 761; *People v Burk,* 181 AD2d 74; *see also, People v Seaberg,* 74 NY2d 1).

Since the defendant was never informed at the plea allocution that the plea was conditioned upon his waiver of his statutory right to seek review of the suppression court's ruling, the defendant did not waive his right to review the denial of that branch of his omnibus motion which was to suppress physical evidence. In any event, the record in this case demonstrates

that "the police conduct in this case was justified in its inception and reasonably limited in scope at each step in response to the circumstances presented" (*People v Nelson,* 222 AD2d 614, 615; *People v Bianchi,* 208 AD2d 551, *affd* 85 NY2d 1022; *see also, People v Landy,* 59 NY2d 369). Contrary to the defendant's contentions, the identification procedure employed was not improper under the circumstances presented (*see, People v Duuvon,* 77 NY2d 541). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.