■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HEWITT, Appellant. [669 NYS2d 602] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered March 28, 1996, convicting him

of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing evidence was sufficient to support the court's determination that the police officers acted lawfully in frisking the defendant's waistband area and removing a handgun therefrom. The officers responded to the scene after receiving a radio transmission regarding a man with a gun at the location. Although the officers did not see anyone fitting the description in the radio transmission, they observed the defendant holding an open bottle wrapped in a paper bag. They approached the defendant to inquire whether he was drinking an alcoholic beverage. When they were approximately 10 feet away, the defendant tugged at his waistband, and the officers' attention was drawn to a bulge in the rear right-side area of the waistband. From their angle of approach, both officers observed that the bulge was in the shape of the handle of a 9 millimeter handgun similar to the weapons which they carried. Under these circumstances, the officers clearly possessed a sufficient and reasonable basis for touching the bulge and removing the gun from the defendant's person (*see, People v Prochilo,* 41 NY2d 759; *People v Smith,* 173 AD2d 657; *People v Milliner,* 146 AD2d 717; *see generally, People v De Bour,* 40 NY2d 210; *People v King,* 165 AD2d 835). While the defendant challenges the veracity of the officers' hearing testimony, it is well settled that issues of credibility are for the hearing court, and its determination will not be disturbed absent clear error (*see, People v Prochilo, supra; Matter of Troy C.,* 186 AD2d 798; *People v Davis,* 166 AD2d 604). We discern no basis in the record for disturbing the hearing court's determination in this case. Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.