[686 NYS2d 504]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEF-
FREY M. HIMMEL, Appellant.

Third Department, February 18, 1999

APPEARANCES OF COUNSEL

*Wayne P. Smith,* Schenectady, for appellant.

*Nicholas E. Tishler, Special Prosecutor,* Ballston Spa, for respondent.

**OPINION OF THE COURT**

CREW III, J.

Defendant, an assistant boy scout master, was indicted and

charged with numerous sexual and alcohol-related offenses arising out of incidents that took place at the home of his parents and involved three young boys (hereinafter victims A, B and C), two of whom were scouts. Following a trial, defendant was convicted of third degree sodomy, second degree sexual abuse and five counts of first degree unlawful dealing with a child, for which he was sentenced to an indeterminate term of imprisonment of 1⅓ to 4 years on the sodomy conviction and one year in jail on each of the remaining counts, all to run concurrently.

On this appeal defendant, relying upon *People v Seaman* (239 AD2d 681, *appeal dismissed* 91 NY2d 954) and *People v Mercado* (188 AD2d 941), contends, *inter alia*, that County Court erred in admitting into evidence a pornographic videotape found at his home because such tape bore solely upon the sexual climate of the household and its prejudice outweighed any probative value it might have had. We disagree. Victim A testified to a conversation with defendant leading up to one of the visits to defendant's home, during the course of which defendant was reputed to have jokingly said, "No Wire Desire", a reference to a pornographic videotape. Additionally, the victims testified at trial that while at defendant's home on this particular occasion, they consumed alcohol provided by defendant and watched a pornographic video entitled "Wire Desire". While defendant is correct in his assertion that admission of the tape did not tend to prove any material elements of the crimes charged, it was an integral part of the "sequence of events" leading to the criminal conduct that occurred on the evening in question and was admissible as such (*People v Mercado, supra*, at 943). Additionally, proof that the tape existed and was found at defendant's home tended to corroborate the young victims' testimony concerning the events of that evening.

Next, defendant contends that County Court erred in submitting to the jury the count of the indictment charging him with first degree sodomy in that victim C's state of intoxication at the time of the crime was not sufficient to render him "incapable of consent by reason of being physically helpless" within the meaning of Penal Law § 130.50 (2).* Again, we disagree. A person is "physically helpless" within the meaning

---

* While, ordinarily, such claimed error would be considered irrelevant inasmuch as defendant was acquitted of first degree sodomy, the submission of that count to the jury is not without legal effect, as it undoubtedly prompted defendant to request that County Court charge the jury with re-

of Penal Law § 130.50 (2) when that person "is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). In this regard, it has been recognized that a person is considered physically helpless when he or she is unable to communicate by reason of voluntary intoxication (*see, People v Cirina*, 143 AD2d 763, *lv denied* 73 NY2d 854). Here, victim C testified that although he was aware of what was going on, he was very intoxicated and was unable to speak. Such testimony was sufficient to justify submission of the first degree sodomy count to the jury for a factual determination as to whether the victim was "physically helpless".

■ Defendant next asserts that County Court erred in precluding him from establishing an alibi by use of his employment records for the week of June 15, 1995 through June 21, 1995, the time frame during which one of the incidents was alleged to have occurred. We are not so persuaded. The record makes plain that although defendant was aware of this evidence at least two months prior to trial, defendant provided no notice of alibi, nor did he move to file a late notice. Instead, he merely proffered the claimed alibi evidence at the conclusion of the People's case. Under the circumstances, we do not find that County Court improvidently exercised its discretion in precluding such evidence (*see, People v Corpas*, 150 AD2d 710, *lv denied* 74 NY2d 738). In any event, we note that the proffered records indicate that defendant worked a 24-hour shift commencing Monday, June 19, 1995, whereas the trial evidence reflects that the crime contained in the count in question occurred over the weekend of June 17, 1995 to June 18, 1995. Defendant's employment records do not reflect that he worked on those two days.

■ The only other issue raised by defendant meriting discussion is his contention that *People v Martell* (16 NY2d 245) prohibited his convictions for unlawfully dealing with a child because the activities complained of here did not take place in a commercial setting. Once again, we disagree. In *Martell*, the Court of Appeals held that former Penal Law § 484 (3) did not apply to the provision of alcohol to a minor when done in the defendant's home. The Court, in interpreting former Penal Law § 484 (3), observed that subdivision (3) was linked "with six other subdivisions each of which forbids certain commercial activities with children" (*id.*, at 247) and concluded that the

---

spect to sodomy in the third degree, the crime of which defendant stands convicted.

prohibition against selling alcohol to minors applied to such types of activities and not to the service of alcohol in a residence to guests under 18 years of age (*see, id.*, at 248). The present version of the statute, Penal Law § 260.20, is, however, not subject to the *Martell* analysis. First, Penal Law § 260.20 (2), which prohibits serving alcohol to a minor, is not linked to any kind of prohibited commercial activities; such subdivision simply proscribes the selling or giving of alcohol to a person less than 21 years old. More importantly, although the parent or guardian of a minor is exempt from the application of the statute, the statute does not extend that exemption to any other adult serving alcoholic beverages to minors in the adult's own home. As defendant was not the respective victims' parent or guardian, his conduct clearly comes within the ambit of the prohibition. We have considered defendant's remaining contentions and find them equally unpersuasive.

MIKOLL, J. P., YESAWICH JR., PETERS and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).