■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GLADDEN, Appellant. [701 NYS2d 437] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered September 11, 1997, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's purported waiver of his right to appeal was ineffective. The court failed to make the requisite inquiry on the record as to whether the defendant understood the implications of the written waiver he signed (*see, People v DeSimone*, 80 NY2d 273; *People v Seaberg*, 74 NY2d 1).

The Supreme Court properly denied the defendant's motion to suppress the gun recovered from his person incident to his

arrest. The record establishes that the police conduct in this case "was justified at its inception and reasonably related in scope at each step in response to the circumstances presented" (*People v Nelson,* 222 AD2d 614, 615; *see also, People v McKnight,* 245 AD2d 390, 391). The police officer's observation of the defendant reaching for a bulge in his waistband provided a sufficient and reasonable basis for a pat down search and the removal of the gun from the defendant's person (*see, People v Prochilo,* 41 NY2d 759; *People v Hewitt,* 247 AD2d 552). Although the defendant contends that the officer's testimony was not credible and was tailored to nullify constitutional objections, it is well settled that issues of credibility are for the hearing court to decide, and its determination will not be disturbed absent clear error (*see, People v Prochilo, supra*; *People v Hewitt, supra*). S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.