■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMBERTO MOYAHO, Appellant. [786 NYS2d 84]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 15, 2003, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

On May 5, 2002, a uniformed detective, who was watching people exit a park after a festival, observed the defendant wearing a heavy winter jacket on a warm spring day when most people in the park were wearing shorts and T-shirts. The detective approached the defendant from behind, tapped him on the shoulder, and said "Excuse me." When the defendant turned his head and saw the uniformed detective, the defendant immediately reached with both hands for his waistband. Fearing for his safety, the detective spun the defendant around. When the defendant continued to reach for his waistband, the detective grabbed his right hand and lifted his shirt, whereupon he discovered a loaded and operable gun in the front of the defendant's waistband.

We agree with the hearing court that the gun was properly seized. The detective's conduct in approaching the defendant, tapping him on the shoulder, and saying "Excuse me" was the type of minimal intrusion that need be justified only by some objective credible reason, not necessarily indicative of criminality (see People v De Bour, 40 NY2d 210, 223 [1976]; see also People v Reyes, 83 NY2d 945 [1994], cert denied 513 US 991 [1994]; People v Jackson, 249 AD2d 327 [1998]). Here, the defendant's incongruous wearing of a heavy winter coat on a warm spring day provided that reason (cf. People v Fellows, 239 AD2d 181, 183 [1997]). Moreover, as handguns are often carried in the waistband (see People v Benjamin, 51 NY2d 267, 271 [1980]), when the defendant reached with both hands to his waistband immediately upon seeing a uniformed officer, the detective was justified in turning him around and lifting his shirt to determine whether a weapon was present (see People v Douglas, 309 AD2d 517 [2003]; People v Gladden, 267 AD2d 400 [1999]). Thus, the record establishes that the detective's

conduct was justified at its inception and reasonably related in scope and intensity to the circumstances of the encounter as it developed (*see People v McKnight,* 245 AD2d 390 [1997]; *People v Nelson,* 222 AD2d 614 [1995]).

The defendant's contention that certain comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gonzalez,* 9 AD3d 374 [2004], *lv denied* 3 NY3d 674 [2004]), and, in any event, is without merit (*see People v Oglesby,* 7 AD3d 736 [2004], *lv denied* 3 NY3d 679 [2004]). Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.