■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WEBSTER ALMONOR, Appellant. [996 NYS2d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered June 23, 2010, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was charged with, inter alia, murder in the second degree, and moved to suppress certain physical evidence and his statements to law enforcement officials. After a hearing, suppression was denied. The defendant subsequently pleaded guilty to manslaughter in the first degree in exchange for a promised sentence. At the plea allocution, the Supreme Court inquired into the defendant's understanding of the rights he was forgoing by pleading guilty, and additionally asked if he was waiving his right to appeal. The defendant responded affirmatively. After accepting the defendant's plea, the court sentenced the defendant as promised.

The defendant contends, inter alia, that his waiver of the right to appeal was invalid, his motion to suppress was erroneously denied, and the sentence imposed was excessive.

The defendant did not validly waive the right to appeal since the court failed to distinguish between the rights automatically forfeited as a consequence of the defendant's plea of guilty and the separate and distinct right to appeal, thereby rendering the waiver ineffective (*see People v Brown*, 122 AD3d 133 [2d Dept 2014]; *People v Jacob*, 94 AD3d 1142, 1143-1144 [2012]; *People v Elcine*, 43 AD3d 1176, 1177 [2007]).

However, the Supreme Court properly denied those branches of the defendant's motion which were to suppress physical evidence and his statements to law enforcement officials. The arresting officers testified at the suppression hearing that when they arrived at the defendant's residence his brother opened the door and consented to their entry into the residence, where they administered *Miranda* warnings (*see Miranda v Arizona*,

384 US 436 [1966]) to the defendant, and that the defendant voluntarily waived his *Miranda* rights before giving statements. The hearing court's credibility determinations are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Grant*, 83 AD3d 862, 863 [2011]; *People v Gomez*, 204 AD2d 656, 657 [1994]). We discern no basis in the record to disturb the hearing court's determinations in this regard.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.