# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1225**

**KA 13-00046**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENDRELL A. GADLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered December 18, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying his suppression motion. We reject that contention. The undisputed evidence at the suppression hearing demonstrated that the arresting officer and his partner were on routine patrol in Buffalo when they observed two men standing in front of a vacant building on the corner of Fillmore Avenue and Box Street. One of the two men was defendant. Knowing that there had been a number of burglaries in the area, the arresting officer stopped his marked police vehicle in front of the building and asked the two men what they were doing. In response, defendant said that they were "about to smoke." As he made that statement, defendant showed the officer a handful of Dutch Masters cigars, which were individually wrapped in plastic and unopened. The officer then asked defendant what they were about to smoke, whereupon the man standing next to defendant said, "Some weed." When the officer opened his car door to approach the men, defendant fled on foot. The officer pursued defendant and, while doing so, observed him discard a handgun. The officer apprehended defendant and determined that the weapon defendant had discarded was a loaded .38 caliber revolver.

Although defendant correctly concedes that the officer's initial approach and inquiry of him was lawful, he contends that the officer's

pursuit of him was unlawful inasmuch as the officer lacked reasonable suspicion to believe that he had committed or was about to commit a crime.  We reject that contention.  It is well settled that a "defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that [he] may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929; *see People v Price*, 109 AD3d 1189, 1190, *lv denied* 22 NY3d 1043).  Here, defendant's flight, which commenced immediately after his companion informed the officer that they were about to smoke "[s]ome weed," furnished the requisite reasonable suspicion to believe that defendant unlawfully possessed marihuana in violation of Penal Law § 221.05, thereby justifying the subsequent police pursuit (*cf. People v Cady*, 103 AD3d 1155, 1156; *see generally People v Rainey*, 110 AD3d 1464, 1465; *People v McKinley*, 101 AD3d 1747, 1748-1749, *lv denied* 21 NY3d 1017).

Defendant failed to preserve for our review his alternative contention that "the simple possession of marijuana, even in public, is not a crime," and that the police cannot pursue someone suspected of committing a mere violation (*see generally* CPL 470.05 [2]).  In any event, the fact that a perpetrator's conduct may have constituted only a violation, as opposed to a misdemeanor or felony, is not legally significant in determining whether a police intrusion was lawful (*see e.g. People v Mack*, 49 AD3d 1291, 1292, *lv denied* 10 NY3d 866; *People v Hewitt*, 247 AD2d 552, 553, *lv denied* 92 NY2d 880, *reconsideration denied* 92 NY2d 926).  We thus conclude that the court properly denied defendant's motion to suppress the weapon he discarded while being pursued by the officer.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court