Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered February 10, 2011, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated April 23, 2014, the appeal was held in abeyance, and the matter was remitted to the Supreme Court, Queens County, for a hearing and a report on the defendant’s contention that his first assigned counsel failed to adequately convey a more lenient plea offer to him (see People v Maldonado, 116 AD3d *1071 980 [2014]). The Supreme Court (Zayas, J.) has filed its report. Justice Rivera has been substituted for former Justice Lott (see 22 NYCRR 670.1 [c]).
Ordered that the judgment is affirmed.
The defendant’s sole contention on appeal is that he was deprived of his right to the effective assistance of counsel because his first assigned counsel did not adequately convey a plea offer more favorable than the one he ultimately accepted (see Missouri v Frye, 566 US —, —, 132 S Ct 1399, 1410 [2012]; People v Fernandez, 5 NY3d 813, 814 [2005]; People v Goldberg, 33 AD3d 1018, 1019-1020 [2006]). We held the appeal in abeyance and remitted the matter to the Supreme Court, Queens County, for a hearing and a report on the defendant’s contention. We noted that, in order to succeed on his claim, the defendant was required to establish that the People actually offered him the opportunity to plead guilty to a count lesser than assault in the second degree in return for a sentence of imprisonment of three years, that his first assigned counsel did not adequately inform him of the offer, that there was a sufficient likelihood that he would have accepted the offer had counsel adequately communicated it to him, and, finally, that there was a reasonable likelihood that neither the People nor the court would have blocked the proposed agreement (see People v Maldonado, 116 AD3d 980, 981 [2014]).
In its thorough and well-reasoned report, the Supreme Court found that the defendant failed to establish that the People had ever made the alleged offer. The credibility findings of a hearing court are entitled to great deference on appeal, and will not lightly be disturbed (see People v Barnes, 129 AD3d 981 [2d Dept 2015]; People v Almonor, 122 AD3d 763, 764 [2014]; People v Taylor, 120 AD3d 519, 520 [2014]; People v Castaneda, 198 AD2d 292, 293 [1993]), unless “clearly unsupported” by the record (People v Blake, 123 AD3d 838, 838 [2014]). We discern no basis to set aside the Supreme Court’s credibility findings or its ultimate conclusion that the defendant failed to establish that the alleged plea offer ever was made (see People v Almonor, 122 AD3d at 764; People v Castaneda, 198 AD2d at 293). Consequently, the defendant did not establish that he was deprived of his right to the effective assistance of counsel, and the judgment must be affirmed. Rivera, J.P., Skelos, Balkin and Hinds-Radix, JJ., concur.