People v Mohan (2023 NY Slip Op 01905)

People v Mohan

2023 NY Slip Op 01905

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-10653
2020-07774
 (Ind. No. 2757/17)

[*1]The People of the State of New York, respondent,
v
Balkaram Mohan, appellant.

Addabo & Greenberg, Forest Hills, NY (Todd D. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered August 14, 2019, convicting him of predatory sexual assault against a child, rape in the third degree, incest in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated September 1, 2020, which, after a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.
ORDERED that the judgment and the order are affirmed.
The defendant was convicted of predatory sexual assault against a child, rape in the third degree, incest in the third degree, and endangering the welfare of a child, based upon his sexual conduct with his daughter. Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. In an order dated September 1, 2020, made after a hearing, the Supreme Court denied the motion. The defendant appeals from the judgment and, by permission, from the order.
The defendant contends that his counsel was ineffective for failing to serve a notice of alibi, or present an alibi defense at the trial based upon E-ZPass records, as well as counsel's alleged failure to investigate two alibi witnesses. The defendant further contends that counsel was ineffective for failing to notify him during plea negotiations that he was facing life imprisonment if he went to trial.
Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's [*2]errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Under the state standard, counsel must provide meaningful representation (see People v Benevento, 91 NY2d 708, 712), but "[a] single error may [constitute] ineffective assistance [if] the error is sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152; see People v Cortez, 181 AD3d 820, 822).
With respect to the plea negotiations, it is undisputed that the Supreme Court advised the defendant that he faced life imprisonment upon his arraignment on the indictment. Further, defense counsel testified at the hearing on the defendant's motion pursuant to CPL 440.10 that she advised the defendant that he faced a long prison sentence if he lost at the trial. Although the defendant contends that he would have accepted an offer of two years of imprisonment if counsel had properly informed him of the potential life sentence, at the hearing, the defendant testified that the alleged offer of two years of imprisonment was made pre-indictment, before he was charged with predatory sexual assault against a child (Penal Law § 130.96), which carried a life sentence (see id. § 70.00[2][a]). Further, at the hearing, defense counsel testified that there never was an offer of less than four years of imprisonment, which the court credited. There is no basis to set aside the court's credibility findings (see People v Maldonado, 130 AD3d 1070, 1071).
Upon demand of the People, a defendant must serve the People, and file with the court, a notice of alibi if the defendant "intends to offer a trial defense that at the time of the commission of the crime charged [the defendant] was at some place or places other than the scene of the crime" (CPL 250.20[1]). "[T]he failure to timely file a notice of alibi may be considered ineffective assistance if it precluded the presentation of an alibi defense which could have changed the outcome of the case" (People v Milazo, 18 AD3d 1068, 1070; see People v Divine, 193 AD2d 562).
Here, the Supreme Court credited defense counsel's hearing testimony that the defendant did not tell her that there were certain witnesses who could potentially establish that the defendant was the person operating the vehicle equipped with the subject E-ZPass. Although defense counsel was deficient for failing to timely file a notice of alibi based on the E-ZPass records, "[t]he precluded . . . alibi testimony had very limited probative value because, even if found credible and accurate, it left a substantial gap in time within which defendant would have had the opportunity to commit the crime[s] in question" (People v Matthews, 276 AD2d 385, 386). Thus, the court's conclusion that the E-ZPass records would not have significantly impeached the complainant's testimony is supported by the record (see generally People v Maldonado, 130 AD3d at 1071), and under the circumstances of this case, the defendant failed to show that but for defense counsel's unprofessional error, the result of the proceeding would have been different or that defense counsel's error was so egregious and prejudicial that it denied him meaningful representation (see Strickland v Washington, 466 US at 694; People v Caban, 5 NY3d at 152).
Accordingly, the defendant failed to establish that he was denied the effective assistance of counsel under either the federal or state constitutional standards.
The defendant's alternative contention that he was not required to serve a notice of alibi based on his E-ZPass records is unpreserved for appellate review and, in any event, without merit (see People v Delarosa, 287 AD2d 735; People v Himmel, 252 AD2d 273, 276; People v Ruiz, 100 Misc 2d 562 [Sup Ct, NY County]). The defendant's remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court